Robert C. DeMeno and George Nickels, Jr. *v.* Zoning Hearing Board of Plymouth Township. Plymouth Township, Appellant.

Heard March 20, 1984, by Judge CRAIG.

*Herbert F. Rubenstein, Beeghley, Rubenstein & Moore,* for appellant.

*J. Peirce Anderson, Anderson, Narducci & Sullivan,* for appellees.

OPINION BY JUDGE CRAIG, March 21, 1984:

Zoning applicants DeMeno and Nickels, after the Zoning Hearing Board of Plymouth Township had rejected their application, appealed to the Court of Common Pleas of Montgomery County and obtained a decision reversing that denial, filed December 22, 1983. Only the zoning hearing board had participated as an appellee in the common pleas court. On January 18, 1984, almost a month after the trial court's decision, the township itself purported to intervene as of course, by filing a notice of intervention pursuant to a local rule of Montgomery County Court of Common Pleas, No. 2232(c)(1), which provides:

> In every appeal from . . . a zoning board . . . , the municipality in which the property is situate, may intervene as of course, by entering a written appearance. . . . Prompt notice of such intervention shall be given. . . .

Two days later, January 20, 1984, the township appealed the case to this court. The township had sought to intervene and be the appellant apparently in order to comply with *Gilbert v. Montgomery Township Zoning Hearing Board,* 58 Pa. Commonwealth Ct. 296, 427 A.2d 776 (1981), which allows a municipality to bring a zoning appeal here only if it properly becomes a party in the trial court, as an appellant or an intervenor.

The question now posed by the motion to quash the township's appeal, which the applicants (appellees here) have presented for decision, is whether a mu-

nicipality may effectively be appellant in this court in a zoning case where it has intervened as of course, pursuant to local rule, after the trial court decision but before the appeal period has expired.

The issue is governed by section 1009 of the Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11009, which expressly allows a municipality to intervene as of course in a zoning case before the common pleas court, *within the first thirty days after the zoning appeal has been entered in that court* and providing that "[a]ll other interventions shall be governed by Rules of Civil Procedure." Also pertinent is the above-noted local rule and Pa. R.C.P. Nos. 2326-2350.

In view of the proscription of Pa. R.C.P. No. 239-(b), providing that local rules shall not be inconsistent with any general rule of the Supreme Court, Montgomery County's local rule allowing a municipality to intervene in a zoning case *as of course* and *without limitation as to time* is necessarily inconsistent with Pa. R.C.P. Nos. 2328 and 2329, which require (1) application for leave to intervene, (2) advance notice of that application to all parties and (3) judicial consideration to determine, among other things, if the would-be intervenor has unduly delayed in making application for intervention. Thus, to the extent that the local rule purports to authorize intervention of the municipality in a zoning case as of course beyond the first thirty days, it must be regarded as a nullity in the face of MPC §1009 and the cited provisions of the Rules of Civil Procedure. Allowance of intervention before giving other parties an opportunity to be heard is plainly inconsistent with rules which give them a voice in the matter.

Although the *Gilbert* decision was effective only prospectively, this proceeding falls within the period

after its effective date (May 7, 1981), and the effects of MPC §1009 and the Supreme Court's Rules of Civil Procedure on municipal intervention are sufficiently clear that there appears to be no warrant for making this ruling as to the invalidity of the local Montgomery County rule prospective only.

Therefore, even if we recognize that the township sought to become a party during the pendency of the proceeding, *i.e.,* before the appeal period expired, the conclusion must be that the township's attempt to intervene in this case contravened the MPC and those governing judicial rules and was therefore ineffective. Accordingly the motion to quash the township's appeal is granted.

ORDER

Now, March 21, 1984, pursuant to argument, appellees' motion to quash this appeal is granted, and the appeal is quashed.