**Timothy EADDY, Appellant,**

v.

**Edward G. HAMATY, Jr., D.O.**

Superior Court of Pennsylvania.

Argued March 13, 1997.

Filed April 29, 1997.

Leonard Schaeffer, Philadelphia, for appellant.

John F. McGreevey, Huntingdon Valley, for appellee.

Before McEWEN, President Judge, EAKIN, J., and CERCONE, President Judge Emeritus.

CERCONE, President Judge Emeritus:

This is an appeal from an order granting summary judgment in a medical malpractice action in favor of defendant/appellee and against appellant Timothy Eaddy. We vacate and remand to the trial court for proceedings consistent with this opinion.

On September 23, 1992, appellant filed a medical malpractice action against Edward G. Hamaty, Jr., D.O. Appellant had been referred to Dr. Hamaty in January, 1991 for treatment of an asthmatic condition. In his complaint, appellant avers that Dr. Hamaty's inappropriate treatment and poor monitoring caused him to develop avascular necrosis. Specifically, appellant claims that Dr. Hamaty (1) used the drug Prednisone in an inappropriate manner; (2) failed to use appropriate techniques and procedures when diagnosing and treating his asthmatic condition and leg pain; (3) failed to utilize appropriate treatment in light of medical and scientific advances; and (4) failed to inform him about the possible side effects of Prednisone. Appellant further alleges that the foregoing acts of negligence caused him physical and emotional injury.

During a pre-trial conference on August 20, 1996, defense counsel made an oral summary judgment motion based on the insufficiency of an expert report submitted on appellant's behalf by Dr. Eric I. Mitchell. The trial court presided over a hearing on this matter on September 4, 1996. At that hearing, counsel for appellant requested a continuance to supplement Dr. Mitchell's expert report. The trial court denied that request:

> This is a Day Backward case in which discovery has closed. At the Summary Judgment hearing Plaintiff requested a continuance to supplement its report. *See* N.T. at 26. We denied the continuance citing our need to strictly enforce Day Backward deadlines to reduce our backlog and move cases to closure.... [E]quity would not call for granting a continuance to supplement a four and one-half year old expert report. *See* N.T. at 26–29.

Trial court opinion filed 11/4/96 at 3. By order dated October 16, 1996, the trial court granted defendant's motion for summary judgment.

In this timely appeal from that order, appellant contends that because he is able to state a valid cause of action against Dr. Hamaty for medical malpractice, the trial court improperly granted summary judgment.[1] Preliminarily, we note that when re-

---

1. Appellant also claims that the entry of summary judgment was improper because neither local nor state rules of procedure authorize oral summary judgment motions. After reviewing the record, we note that appellant failed to object to the oral nature of the motion when that motion was made or at the hearing on that motion. Instead, he attempts to raise it for the first time

viewing an order granting summary judgment, an appellate court must examine the record in the light most favorable to the non-moving party, accepting as true all well-pleaded facts and giving that party the benefit of all reasonable inferences drawn from those facts. *Szabo v. Bryn Mawr Hospital,* 432 Pa.Super. 409, 412, 638 A.2d 1004, 1006 (1994). We may overturn a trial court's entry of summary judgment only if there has been an error of law or a clear abuse of discretion. *McCain v. Pennbank,* 379 Pa.Super. 313, 318, 549 A.2d 1311, 1313 (1988). *Accord Marks v. Tasman,* 527 Pa. 132, 134–35, 589 A.2d 205, 206 (1991).

Although neither the appellant nor the trial court cites the new rules, the summary judgment motion in this case is governed by Rules of Civil Procedure 1035.1 through 1035.5, which replace former Rule 1035. Pa. R.Civ.P., Rules 1035.1–1035.5, 42 Pa.C.S.A. (Adopted February 14, 1996, effective July 1, 1996). The based on a record that is insufficient to sustain a *prima facie* case:

> After the relevant pleadings are closed, but within such time as not to delay trial,[2] any party may move for summary judgment in whole or in part as a matter of law
>
> > (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or
> >
> > (2) *if, after the completion of discovery relevant to the motion,* including the production of expert reports, *an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense* which in a jury trial would require the issues to be submitted to a jury.

Pa. R.Civ.P. 1035.2, 42 Pa.C.S.A. (emphasis added).

As stated, the moving party in this case, Dr. Hamaty, motioned for summary judg-

ment at a pre-trial conference on August 20, 1996. In its opinion, the trial court stressed that discovery was closed when appellant presented that motion. As directed by the Trial Management Order dated May 29, 1996, the parties had identified potential witnesses, classified those witnesses as expert or non-expert, specified any expert's field of expertise, and provided copies of all expert reports by August 19, 1996. The report of plaintiff's expert, Dr. Mitchell, was dated February 14, 1992. Defendant's expert report was dated August 22, 1995. The parties were scheduled to select a jury on September 6, 1996 and to begin trial on September 9, 1996. Accordingly, we are not presented with the type of premature motion that the new rules sought to avoid, *i.e.,* a motion filed by a moving party before the adverse party has time to develop the case or to complete discovery:

> Special note should be taken of the requirement under Rule 1035.2(2) that the motion be made after completion of discovery relevant to the motion, including the production of expert reports. While Rule 1035.2(2) is prefaced with the statement that any party may file a motion after the relevant pleadings have closed, the adverse party must be given adequate time to develop the case and the motion will be premature if filed before the adverse party has completed discovery relevant to the motion. The purpose of the rule is to eliminate cases prior to trial where a party cannot make out a claim or a defense after relevant discovery has been completed; the intent is not to eliminate meritorious claims prematurely before relevant discovery has been completed.

Pa.R.Civ.P., Rule 1035.2, Explanatory Comment—1996.

■■■ Defendant based the summary judgment motion on the failure of appellant, the party bearing the burden of proof in this case, to produce evidence of facts essential to his cause of action for medical malpractice.

---

in this appeal. As a result, appellant has failed to preserve this claim for purposes of appellate review. Pa. R.A.P., Rule 302(a), 42 Pa.C.S.A. ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal").

**2.** We note that appellant failed to raise any objection to the timeliness of the motion.

See Rule 1035.2(2). To state a *prima facie* cause of action for malpractice, a plaintiff must establish that (1) the physician owed a duty to the patient; (2) the physician breached that duty; (3) the breach of duty was the proximate cause of, or a substantial factor in, bringing about the harm suffered by the patient, and (4) the damages suffered by the patient were a direct result of that harm. *Hoffman v. Brandywine Hospital,* 443 Pa.Super. 245, 250, 661 A.2d 397, 399 (1995) (citing *Mitzelfelt v. Kamrin,* 526 Pa. 54, 62, 584 A.2d 888, 891 (1990)). Moreover, the plaintiff must offer an expert witness who will testify "to a reasonable degree of medical certainty, that the acts of the physician deviated from good and acceptable medical standards, and that such deviation was the proximate cause of the harm suffered." *Mitzelfelt,* 526 Pa. at 62, 584 A.2d at 892.

■ According to appellant, Dr. Hamaty breached his duty of care to his patient Timothy Eaddy by inappropriate treatment and monitoring. That breach was a proximate cause of or substantial factor in appellant's development of avascular necrosis. To prove those allegations of negligence, appellant tendered the expert report of Dr. Mitchell:

> The patient sought the attention of [Dr. Hamaty] because of asthma. The patient was originally placed on 40 mg. of Prednisone daily. The patient stayed on steroids for about six months before he developed problems with his hips.

> Within a reasonable degree of medical certainty, exclusive of any other problems prior to this, the most reasonable probability of avascular necrosis with no other medical problems is secondary to steroids.

> The medical records need to be ascertained and reviewed before any further is said.

Report of Dr. Eric I. Mitchell dated February 14, 1992.

■ We acknowledge that an expert need not testify with absolute certainty or rule out all possible causes of a condition. *Mitzelfelt,* 526 Pa. at 62, 584 A.2d at 892. Nor do we require an expert to testify in precisely the language used to enunciate the legal standard. *Hoffman,* 443 Pa.Super. at 255, 661 A.2d at 402; *In re Jones,* 432 Pa. 44, 246 A.2d 356 (1968) (medical testimony need not conform to precise statutory definitions). Rather, we review expert testimony in its entirety to assess whether it expresses the requisite degree of medical certainty. *McCann v. Amy Joy Donut Shops,* 325 Pa.Super. 340, 343–44, 472 A.2d 1149, 1151 (1984) (en banc). "An expert fails this standard of certainty if he testifies 'that the alleged cause "possibly", or "could have" led to the result, that it "could very properly account" for the result, or even that it was "very highly probable" that it caused the result.'" *Kravinsky v. Glover,* 263 Pa.Super. 8, 21, 396 A.2d 1349, 1356 (1979) (citations omitted). *See also Hoffman,* 443 Pa.Super. at 255–56, 661 A.2d at 402 (expert who opined that the treating physician's alleged negligent conduct "in all likelihood" "may have hastened the onset" of the result did not express the requisite degree of medical certainty necessary to state a *prima facie* case of medical malpractice).

Dr. Mitchell opined within a reasonable degree of medical certainty that the steroids, in the absence of other causes, led to the development of avascular necrosis. He did not identify any conduct on the part of the treating physician as a breach of duty, *e.g.,* that Dr. Hamaty negligently overprescribed the medication, that he negligently prescribed Prednisone in light of other alternatives, or that he negligently prescribed Prednisone for an excessive period of time. Nor did he identify any breach as a proximate cause of, or a substantial factor in, appellant's harm. More importantly, Dr. Mitchell recognized the limited value of his report by qualifying his opinion: "The medical records need to be ascertained and reviewed before any further is said." After reviewing the expert report in its entirety, we conclude that Dr. Mitchell did not express the requisite degree of medical certainty. Appellant therefore failed to state a *prima facie* case of medical malpractice.

Appellant does not attempt to address the paucity of his *prima facie* case. Instead, he avows that his expert will provide the necessary breach of duty and causation testimony at trial. *But see* Pa.R.Civ.P. 4003.5(c), 42

Pa.C.S.A. ("To the extent that the facts known or opinions held by an expert have been the trial may not be inconsistent with or go beyond the fair scope of his testimony ... as set forth in his ... separate report...."). Summary judgment motions under new Rule 1035.2(2) are intended to prevent just such a scenario: "The purpose of the rule is to eliminate cases prior to trial where a party cannot make out a claim or a defense after relevant discovery has been completed...." Rule 1035.2, Explanatory Comment—1996. We remind appellant that he must state a *prima facie* case *before* he will be allowed to proceed to trial.

▪ Nevertheless, we cannot affirm the order granting summary judgment. As stated, we may overturn a trial court's entry of summary judgment only if there has been an error of law or a clear abuse of discretion. *McCain, supra,* 379 Pa.Super. at 318, 549 A.2d at 1313. " '[J]udicial discretion' requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration." *In re Rose Hill Cemetery Association Dated January 14, 1960,* 527 Pa. 211, 216, 590 A.2d 1, 3 (1991) (quoting *In re Philadelphia County Grand Jury, April 1943,* 347 Pa. 316, 32 A.2d 199 (1943)). An abuse of discretion is not merely an error of judgment. *Id.* Rather, a trial court abuses its discretion if, in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable or lacking in reason. *Id.* Similarly, the trial court abuses its discretion if it does not follow legal procedure. *Tagnani v. Tagnani,* 439 Pa.Super. 596, 600, 654 A.2d 1136, 1138 (1995).

▪ The trial court in this case failed to apply the new rules governing summary judgment motions and therefore failed to follow legal procedure. For example, Rule 1035.3 requires an adverse party to file a response to a summary judgment motion within 30 days after service of the motion. Pa.R.Civ.P., Rule 1035.3(a)(2), 42 Pa.C.S.A. Counsel for defendant made the oral motion for summary judgment on August 20, 1996.[3] The trial court then scheduled argument on that motion for September 4, 1996. Although summary judgment may be entered against a party who does not respond, the rule allows thirty days for response. Rule 1035.3(d). The trial court did not afford appellant thirty days to respond to defendant's summary judgment motion.

Rule 1035.3 additionally requires an adverse party to identify in the response to the summary judgment motion "evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced." Rule 1035.3(a)(2). Further, the rule allows the adverse party to "supplement the record or set forth the reasons why the party cannot present evidence essential to justify opposition to the motion and any action proposed to be taken by the party to present such evidence." Rule 1035.3(b). Thereafter, "[t]he court may rule upon the motion for judgment or permit affidavits to be obtained, depositions to be taken or other discovery to be had or make such other order as is just." Rule 1035.3(c).

At the September 4, 1996 hearing, appellant requested a continuance to supplement his expert report as contemplated by Rule 1035.3(b). N.T. 9/4/96 at 26.[4] We acknowledge that the decision to permit supplementation appears to be within the discretion of the trial court. *See* Rule 1035.3(c). The trial court in this case did not appear to recognize that such a decision was within its province. Instead, it based its refusal to continue the case to allow plaintiff an opportunity to sup-

---

3. We acknowledge that the oral summary judgment was not "served." Again, we do not decide the propriety of an oral summary judgment motion as appellant failed to preserve any objection to the motion on that basis. For purposes of argument, we shall equate the date on which the motion was made with the date of service.

4. In his brief, appellant continues to object to the inadequate amount of time he was afforded to respond to defendant's summary judgment mo-

tion. Brief of Appellant at 6, 9. Although he does not cite the correct rule to support that objection, we are satisfied that he has nevertheless preserved his objection by basing it on the substance of the rule: "[B]ecause of the procedures followed by the lower court in this case, plaintiff did not have the opportunity to present to the Court the other discovery...." Brief of Appellant at 9.

plement the record solely on its need to comply with the "Day Backward" program. We concede that the trial court may have reached the same result had it applied the new rules. That fact does not alter the conclusion that the trial court failed to apply the correct rules to the motion before it. By failing to apply the new rules governing summary judgment motions and to follow proper legal procedures, the trial court committed an abuse of discretion.

Order vacated. Case remanded to the trial court with directions that it allow appellant thirty days to respond to defendant's summary judgment motion and then proceed as contemplated by new Rules of Civil Procedure 1035.1 through 1035.5. Jurisdiction relinquished.