## Watson v. English

C.P. of Fayette County, no. 1221 of 1999, G.D.

*Michael Macko,* for plaintiffs.
*William D. Phillips,* for defendant.

WARMAN, *J.,* January 19, 2001—Presently before this court for disposition is defendant's motion for summary judgment to Carolyn and Daniel Watson's complaint. In his motion, defendant avers that plaintiffs are unable to adduce sufficient evidence on issues essential to their case on which they bear the burden of proof such that a jury could render a verdict in their favor. Therefore, he claims that he is entitled to judgment as a matter of law. After oral argument, full consideration of the record, applicable law, briefs of counsel, and for reasons more fully discussed herein, defendant's motion for summary judgment is Granted.

## BACKGROUND

This action arises out of the alleged medical malpractice of defendant in his treatment of plaintiff, Carolyn Watson. Defendant is a dermatologist licensed to practice in the Commonwealth of Pennsylvania, with a professional office located at R.D. # 1, Box 373, Smithfield, Fayette County, Pennsylvania.

On or about July 1, 1997, defendant treated plaintiff, Carolyn Watson, for a skin disorder and injected medication into her right arm. Plaintiffs allege that defendant negligently injected the medication into plaintiff Carolyn Watson's arm. They further allege that, subsequent to the injection, she began to experience severe soreness, tenderness, pain and numbness in her right arm, and as a result of the injection has suffered various other injuries.

During the course of discovery, plaintiffs indicated that they had not yet retained an expert. Following various motions for sanctions, defendant filed a motion to compel the production of an expert report, and on August 2, 2000, an order was entered directing plaintiffs to identify any and all expert witnesses they intended to call at the time of trial within 60 days, and to provide a report of such expert(s) outlining their opinions and the basis for the same within 90 days.

Both deadlines set by the court passed with plaintiffs failing to provide either the names of any expert witnesses or reports. On or about November 20, 2000, defendant filed a motion to preclude plaintiffs from using expert testimony at the time of trial. On November 27, 2000, the court granted defendant's motion and entered an order precluding plaintiffs from presenting expert tes-

timony of any nature in support of any theory of negligence, causation, or damages. On December 5, 2000, defendant filed the motion for summary judgment now before this court.

## DISCUSSION

Pa.R.C.P. 1035.2 provides in pertinent part:

"After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

"(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury."

The note following the rule provides that when a motion is based on subparagraph (2), the adverse party must come forth with evidence showing the existence of facts essential to the cause of action.

One purpose of the summary judgment rule is to eliminate cases prior to trial where a party cannot make out a claim or defense after the relevant discovery has been completed. *Miller v. Sacred Heart Hospital,* 753 A.2d 829 (Pa. Super. 2000). In a motion for summary judgment, the non-moving party must adduce sufficient evidence on issues essential to its case on which he bears the burden of proof such that a jury could return a verdict in its favor. *Ertel v. Patriot-News Company,* 544 Pa. 93, 674 A.2d 1038 (1996); *O'Rourke v. Pennsylvania*

*Department of Corrections,* 730 A.2d 1039 (Pa. Commw. 1999).

In passing on a motion for summary judgment, the court must examine the record in a light most favorable to the non-movant and resolve any doubt in his favor. *Swartley v. Hoffner,* 734 A.2d 915 (Pa. Super. 1999) *allocatur denied,* 747 A.2d 902 (1999); *Doe v. Philadelphia Community Health Alternatives AIDS Task Force,* 745 A.2d 25 (Pa. Super. 2000), *allocatur granted,* 758 A.2d 166 (2000).

In the context of actions for medical malpractice, the plaintiff's evidence must establish that: (1) the physician owed a duty to the patient; (2) the physician breached that duty; (3) the breach of duty was the proximate cause of, or a substantial factor in bringing about the harm suffered by the patient; and (4) the damages suffered by the patient were a direct result of that harm. See *Miller v. Sacred Heart,* 753 A.2d 829 (Pa. Super. 2000).

Plaintiff, in a medical malpractice case, is further required to present an expert witness who will testify, to a reasonable degree of medical certainty, that the acts of the physician deviated from good and acceptable medical standards, and that such deviation was the proximate cause of the harm suffered. *Kuney v. Benjamin Franklin Clinic,* 751 A.2d 662 (Pa. Super. 2000); *Smith v. Grab,* 705 A.2d 894 (Pa. Super. 1997).

If after the completion of discovery, the medical malpractice plaintiff fails to produce expert medical opinion addressing the elements of his cause of action within a reasonable degree of medical certainty, he has failed to establish a prima facie case and may not proceed to trial,

and at this juncture, defendant, as movant, is entitled to summary judgment. See *Miller v. Sacred Heart Hospital,* 753 A.2d 829 (Pa. Super. 2000).

In the absence of competent evidence of medical opinion, a medical malpractice plaintiff may avoid summary judgment only if the matter is so simple, and the lack of skill or want of care so obvious, as to be within the range of ordinary experience and comprehension of even non-professional persons. *Id.* See also, *Lira v. Albert Einstein Medical Center,* 384 Pa. Super. 503, 559 A.2.d 550 (1989), *allocatur denied,* 592 A.2d 1302 (1990).

Therefore, the issue for this court to determine is whether or not defendant is entitled to judgment as a matter of law because plaintiff has failed to adduce sufficient evidence on issues essential to their claim of medical malpractice, on which they bear the burden of proof, such that a jury could return a verdict in their favor.

Plaintiff argues in opposition to defendant's motion for summary judgment that expert testimony is not necessary because plaintiff's injuries are within the realm of common knowledge. Plaintiffs allege that Carolyn Watson suffered various injuries resulting from the injection including injuries to the ulnar, radial, and median nerves. They further allege that she sustained injuries to the skin, tissues, muscle, bone, tendons, cartilage, ligaments, and blood vessels of the right arm and hand, and that defendant injected the medication in a manner contrary to the established medical procedures.

We believe that the allegations of negligence contained in the plaintiffs' complaint clearly require detailed professional knowledge. The injuries are well beyond the

range of ordinary experience and comprehension of non-professionals and therefore, must be established by expert medical testimony.

Plaintiffs argue in the alternative that despite the order of November 27, 2000, precluding them from calling an expert at the time of trial, defendant's negligence can be established by his own testimony and by his actions following plaintiff's treatment.[1]

Applying the facts of this case to the standards outlined above, it is apparent that plaintiffs have not met their burden. Again, to survive a motion for summary judgment, plaintiffs are required to adduce sufficient evidence on issues essential to their case, on which they bear the burden of proof, such that a jury could return a verdict in their favor.

Here, plaintiffs' claim relates solely to the defendant's alleged medical malpractice. Plaintiffs, however, have adduced no evidence whatsoever to support their claim. They simply avow that defendant's testimony at time of trial will sufficiently establish the elements of their claim. A similar argument was made and rejected in *Eaddy v. Hamaty,* 694 A.2d 639, 642-43 (Pa. Super. 1997). There, the court stated:

"Appellant does not attempt to address the paucity of his *prima facie* case. Instead, he avows that his expert

---

1. We note that we are not addressing the issue of whether defendant, a medical expert, may be required to give expert testimony that is relevant to his own allegedly negligent conduct, but rather whether or not defendant is entitled to judgment as a matter of law because plaintiffs have failed to adduce sufficient evidence on issues essential to their claim of medical malpractice on which they bear the burden of proof, such that a jury could return a verdict in their favor.

will provide the necessary . . . testimony at trial. Summary judgment motions under new Rule 1035.2(2) are intended to prevent such a scenario: 'The purpose of the rule is to eliminate cases prior to trial where a party cannot make out a claim or defense after relevant discovery has been completed. . . .' We remind appellant that he must state a *prima facie* case *before* he will be allowed to proceed to trial." (emphasis in original)

We agree, and because here plaintiffs have failed to advance any evidence whatsoever to substantiate the existence of the elements of their claim relating to the defendant's alleged medical malpractice, defendant's motion for summary judgment is Granted.

### ORDER

And now, January 19, 2001, upon consideration of the motion for summary judgment filed by defendant, Robert S. English, and upon further consideration of the record, applicable law, and briefs and arguments of counsel, it is hereby ordered and decreed that defendant's motion for summary judgment is granted.