**Thomas E. DAVIES, Appellant**

v.

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY.**

Commonwealth Court of Pennsylvania.

Argued Nov. 1, 2004.

Decided Jan. 3, 2005.

Robert A. Kosseff, Philadelphia, for appellant.

MaryEllen Conroy, Philadelphia, for appellee.

BEFORE: COLINS, President Judge, SMITH–RIBNER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

Thomas Davies appeals from an order of the Court of Common Pleas of Philadelphia County granting the motion for summary judgment filed by Southeastern Pennsylvania Transportation Authority (SEPTA) and dismissing with prejudice Davies' complaint. In his complaint, filed pursuant to the act popularly known as the Federal Employers' Liability Act, 45 U.S.C. §§ 51–60 (1986), Davies alleged that he suffered repetitive stress injuries and cumulative trauma disorders, including but not limited to carpal tunnel syndrome, during his employment with SEPTA, an employer engaged in the furtherance of interstate commerce within the meaning of the federal act.

Davies raises two questions for review. They include whether one of the Philadelphia County Court of Common Pleas' local rules for mass tort litigation contravenes Pa. R.C.P. No. 1035.3 and whether the trial court erred in determining that Davies' suit was barred by the three-year statute of limitations set forth in 45 U.S.C. § 56. The challenged local rule requires a party to respond to a motion for summary judgment within seven days while Rule 1035.3 allows a party to respond within thirty days after service of the motion.

I

Davies commenced his employment with SEPTA in 1975. In 1978 he became a locomotive engineer for SEPTA, which required him to use his hands in a physically exerting fashion in order to control the train's brakes, throttle and other devices. In June 1996 Davies went to the Lansdale Medical Group with complaints of nighttime awakening caused by numbness and tingling in his hands. Dr. John Motley, Davies' family physician, diagnosed Davies with probable bilateral carpal tunnel syndrome. Davies continued working, but in June 2000 he met with Dr. Scott Fried, a board-certified orthopedic surgeon, who diagnosed Davies as suffering from repetitive stress injury with cumulative trauma disorder to the hands and wrists. Davies ceased working for SEPTA in September 2000, and in December 2000 and in June 2001 Dr. Fried performed surgery on Davies, which alleviated his symptoms. In an August 2003 report, Dr. Fried concluded that Davies suffered permanent disability and that he could not return to his position.

On August 21, 2001, Davies filed his suit against SEPTA alleging that his injuries were caused by SEPTA's negligence in failing to provide safe working conditions. After extensive discovery, on December 22, 2003 SEPTA filed a motion for summary judgment, asserting that Davies' action was barred by the three-year statute of limitations set forth in 45 U.S.C. § 56 because Davies' cause of action accrued in June 1996 when Dr. Motley initially diagnosed Davies with carpal tunnel syndrome. On December 29, 2003, Davies filed a response to the motion stating that in June 1996 he was not advised by Dr. Motley that his condition was work-related, and so the issue of when his action accrued was a disputed issue of material fact that should preclude summary judgment.

By order dated January 7, 2004, the trial court granted SEPTA's motion for summary judgment and dismissed with prejudice Davies' claims against SEPTA. In an opinion dated January 30, 2004, the court explained that the evidence showed that during the June 1996 examination Davies and Dr. Motley discussed Davies' work

and the fact that his work placed a great deal of stress on his hands, that Davies was advised that he had carpal tunnel syndrome and therefore that from June 1996 Davies "knew or should have known, in the exercise of reasonable diligence, the essential facts of injury and cause." Opinion of the Trial Court at 3 (citing the standard set forth in *Fries v. Chicago & Northwestern Transp. Co.*, 909 F.2d 1092 (7th Cir. 1990), and *Drazan v. United States*, 762 F.2d 56 (7th Cir.1985)).[1]

## II

Initially, the Court must address the threshold issue regarding the Philadelphia County Court of Common Pleas local rule setting a seven-day time limit for responses to motions in mass tort litigation. That rule is contained in the court's "Revised Mass Tort Motion Procedures," which provides in relevant part:

Following is the Mass Tort Motion Procedure as revised January 22, 2002. All prior motion procedures are to be considered obsolete.

1. The motion should be in letter-brief rather than motion package format. It's [sic] caption must specify the type of litigation and name opposing counsel. Facts, issues, and pertinent case law should be briefly outlined. Each motion must include a proposed order, a self-addressed stamped envelope, and a signed Attorney Certification of Good Faith.

. . . .

4. Motions must be filed by 4:30 p.m. on a Monday or they will be deemed filed the following Monday. The opponent must receive a copy that same day by facsimile or hand delivery. The stamped original motion should be sent or delivered to the Complex Litigation Center, 679 City Hall, Philadelphia, PA, attention Motions Clerk.

5. If the motion is *opposed*, the opponent must answer in the format stated in Paragraph 1 by the following Monday at 4:30 p.m.. This answer should be sent or delivered directly to Motions Clerk, 679 City Hall, Phila., PA 19107. No fee need be paid for a response. The movant and all other parties must receive a copy that same day by facsimile or hand delivery.

. . . .

8. Oral argument on motions will be scheduled by the court as needed.

Plaintiff's Response to SEPTA's Motion for Summary Judgment, Exhibit A.

Davies argues that the rule in paragraph 5, which in this case required him to respond to SEPTA's summary judgment motion within seven days, impermissibly conflicts with Pa. R.C.P. No. 1035.3, which sets forth the following requirements for responses to summary judgment motions:

(a) Except as provided in subdivision (e), the adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response within thirty days after service of the motion identifying

(1) one or more issues of fact arising from evidence in the record controvert-

1. This Court's review of the trial court's order granting summary judgment is limited to determining whether the trial court abused its discretion or committed an error of law. *Greenleaf v. Southeastern Pennsylvania Transportation Authority*, 698 A.2d 170 (Pa.Cmwlth.

1997). Summary judgment is appropriate only when, after review of the record in the light most favorable to the nonmoving party, it is determined that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *Id.*

ing the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or

(2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced.

(b) An adverse party may supplement the record or set forth the reasons why the party cannot present evidence essential to justify opposition to the motion and any action proposed to be taken by the party to present such evidence.

Davies essentially argues that he suffered unfair prejudice as he was not afforded the thirty days allowed by Rule 1035.3(a) in which to supplement the record or to otherwise respond more fully to SEPTA's motion, e.g., he was not permitted to depose Dr. Motley in opposition to the motion. Also Davies stated in his response to the motion that no medical note or deposition testimony existed to establish when he discovered the etiology of his carpal tunnel syndrome condition.

▮ The courts of common pleas may adopt local rules that "shall include every rule, regulation, directive, policy, custom, usage, form or order of general application, however labeled or promulgated, which is adopted and enforced by a court of common pleas to govern civil practice and procedure." Pa. R.C.P. No. 239(a). *See also* Section 323 of the Judicial Code, 42 Pa.C.S. § 323; *Byard F. Brogan, Inc. v. Holmes Electric Protective Co. of Philadelphia,* 501 Pa. 234, 460 A.2d 1093 (1983). However, a local rule must not conflict with the Pennsylvania Rules of Civil Procedure, and a local rule will be held invalid if it abridges, enlarges or modifies substantive rights of litigants. *Byard F. Brogan, Inc.*; *City of Philadelphia v. Silver-*

*man,* 91 Pa.Cmwlth. 451, 497 A.2d 689 (1985); *Dillon by Dillon v. National R.R. Corp. (Amtrak),* 345 Pa.Super.126, 497 A.2d 1336 (1985). Thus appellate courts have invalidated numerous local rules after determining that they directly conflicted with or were in some manner inconsistent with the requirements contained in statutory law or in the Rules of Civil Procedure.

### III

An array of Pennsylvania appellate court decisions demonstrate the wide range of local rules that have been held to be in conflict with statutory law or with the Rules of Civil Procedure. Some of those cases include, among others, the following: *Byard F. Brogan, Inc.* (local rule mandating grant or dismissal of motion without notice if party fails to file supporting or opposing brief within thirty days violates fairness requirement embodied in Pa. R.C.P. No. 126); *Harris v. Hospital of University of Pennsylvania,* 744 A.2d 769 (Pa.Super.1999) (local rule requiring delivery within twenty days of settlement proceeds, even if settlement not yet approved by court, invalid because it conflicts with 20 Pa.C.S. § 3323 and Pa. R.C.P. No. 2206, both of which require court approval of settlements); *McGratton v. Burke,* 449 Pa.Super. 597, 674 A.2d 1095 (1996) (local policy prohibiting all post-arbitration discovery invalid in regard to independent medical examinations as policy conflicted with Rules of Civil Procedure governing medical examinations and compulsory arbitration); *Tessier v. Pietrangelo,* 361 Pa.Super. 210, 522 A.2d 88 (1987) (local rule dispensing with oral argument on motions unless requested by judge in direct conflict with Pa. R.C.P. No. 211, granting parties the right to argue any motion); *Silverman* (local rule mandating striking of appeal for

failure to strictly comply with local rules for service of notice of appeal inconsistent with underlying reasoning supporting Pa. R.C.P. No. 233); *DeMeno v. Zoning Hearing Board of Plymouth Township*, 82 Pa. Cmwlth. 334, 474 A.2d 1180 (1984) (local rule allowing municipality to intervene in zoning cases as of course and without time limitation, and even after trial court renders decision, necessarily inconsistent with Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101–11202, and Rules of Civil Procedure, which set thirty-day time limit and require application for leave to intervene and court approval); and *Ricci v. Ricci*, 318 Pa.Super. 445, 465 A.2d 38 (1983) (local rule requiring trial court to dismiss party's exceptions if no timely brief filed conflicted with former Pa. R.C.P. No. 1519 and thus was invalid).

More particularly, in *Eaddy v. Hamaty*, 694 A.2d 639 (Pa.Super.1997), the Superior Court addressed a case in which the trial court had granted a defendant's motion for summary judgment on the ground that the plaintiff had failed to make out a *prima facie* case of medical malpractice. The trial court conducted a hearing on the motion two weeks after it was filed, and at the hearing the court denied the plaintiff's request for a continuance in order to supplement the record with additional expert testimony. The court then granted the motion for summary judgment, and it justified in part the decision to refuse the continuance request by reference to the court's "Day Backward" program, a set of procedural guidelines designed to expedite litigation and to reduce the court's case backlog. In its opinion, the court failed even to acknowledge the newly enacted rules of civil procedure governing motions for summary judgment, Rules 1035.1–1035.5.

The Superior Court vacated the trial court's order granting summary judgment in *Eaddy* based on the fact that the trial court did not apply the new rules governing summary judgment motions, and it expressly noted that the trial court did not afford the appellant thirty days in which to respond to the defendant's summary judgment motion. The Superior Court observed as follows:

> At the September 4, 1996 hearing, appellant requested a continuance to supplement his expert report as contemplated by Rule 1035.3(b). We acknowledge that the decision to permit supplementation appears to be within the discretion of the trial court. The trial court in this case did not appear to recognize that such a decision was within its province. Instead, it based its refusal to continue the case to allow plaintiff an opportunity to supplement the record solely on its need to comply with the "Day Backward" program. We concede that the trial court may have reached the same result had it applied the new rules. That fact does not alter the conclusion that the trial court failed to apply the correct rules to the motion before it. By failing to apply the new rules governing summary judgment motions and to follow proper legal procedures, the trial court committed an abuse of discretion.

*Eaddy*, 694 A.2d at 643–644 (citations omitted).

■ The Superior Court's reasoning in *Eaddy* applies with equal force to the situation in this case. Paragraph 5 of the Revised Mass Tort Motion Procedures allows what would typically be only seven days to respond to a motion for summary judgment, a time limit at odds with and substantially less than the thir-

ty days permitted by Rule 1035.3. As case precedents make clear, in such a case the applicable rule of civil procedure must prevail. Notwithstanding the fact that allowing Davies thirty days to respond to SEPTA's summary judgment motion might not have changed the trial court's ultimate decision, the court nevertheless must apply the applicable rule of civil procedure and allow Davies thirty days in which to respond to SEPTA's summary judgment motion.[2] Accordingly, the order of the trial court is vacated, and this case is remanded to that court for further proceedings for the reasons articulated herein. Based on the disposition reached, the Court need not address Davies' substantive arguments regarding the applicability of the three-year statute of limitations.

### ORDER

AND NOW, this 3rd day of January, 2005, the order of the Court of Common Pleas of Philadelphia County is vacated, and this case is remanded for further proceedings in accordance with the foregoing opinion.

Jurisdiction is relinquished.

---

**2.** See Gerrow v. John Royle & Sons, 572 Pa. 134, 813 A.2d 778 (2002) (plurality opinion) (emphasizing that Rule 1035.3 is intended to permit supplementation of record with additional expert reports).