J-A15024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| NATIONSTAR MORTGAGE, LLC | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| CHRIS INCH AND CHRISTINE INCH | |
| Appellants | No. 1556 MDA 2016 |

Appeal from the Order Entered August 26, 2016
In the Court of Common Pleas of Lebanon County
Civil Division at No(s): 2010-02320

BEFORE: MOULTON, J., SOLANO, J., and MUSMANNO, J.

MEMORANDUM BY SOLANO, J.:                    **FILED NOVEMBER 03, 2017**

Appellant Chris Inch, acting *pro se*, appeals from the order granting summary judgment in favor of Nationstar Mortgage, LLC, in its mortgage foreclosure action against him. Upon review, we vacate and remand.

This case relates to a mortgage created on August 13, 2007. The mortgage document lists Chris Inch and Christine Inch, owners of real property located at 801 West Cherry Street in Palmyra, as the borrowers, and Members 1st Federal Credit Union as the lender. The mortgage and accompanying promissory note specify that the borrowers owe the lender $131,200 plus interest.

On September 24, 2010, the mortgage was assigned to Ocwen Loan Servicing, LLC, which then sued the Inches for default. On January 11, 2012, Ocwen filed a motion for summary judgment, which the trial court denied on

June 6, 2012.[1] On March 31, 2013, the mortgage was assigned to Nationstar.[2] On March 18, 2015, Christine Inch executed a consent judgment, and on March 25, 2015, judgment was entered against her.[3]

On April 1, 2016, Nationstar filed another motion for summary judgment. Chris Inch (hereinafter, "Inch") responded on May 13, 2016. Inch argued that whether he took out a mortgage or signed the mortgage document and note remained an issue of material fact,[4] and he attached to his opposition a report by Gary Michaels of "Mortgage Defense Systems," dated May 12, 2016 (the "Michaels Report"). The Michaels Report concluded that the signatures of the Inches were digitally inserted onto the mortgage and note.

After briefing, on August 26, 2016, the trial court entered summary judgment in favor of Nationstar. In its opinion accompanying the order granting the motion, the court explained that it was Inch's burden to rebut the presumption that the signatures are authentic and that, although Nationstar provided evidence supporting the authenticity of the signatures and the validity of the mortgage, Inch "has not produced any evidence

_____

[1] The order and opinion are dated June 5, 2012, but were docketed on June 6, 2012.

[2] A praecipe to substitute the party plaintiff was filed on October 1, 2013.

[3] The judgment order is dated March 26, 2013, but was filed on March 25, 2013.

[4] Inch had previously raised this argument in his Answer and New Matter and in his response to Nationstar's first motion for summary judgment.

regarding his denial of signing the documents that contain his signature." Trial Ct. Op., 8/26/16, at 6. On September 20, 2016, Inch filed a motion for reconsideration, which the court denied on September 23, 2016.[5]

Inch filed a notice of appeal on September 21, 2016,[6] and he filed a *pro se* appellate brief with this Court on February 2, 2017. Inch's brief fails to conform in substantial part to the requirements in the Rules of Appellate Procedure.[7] Among other things, the brief does not include a statement of the questions that he raises on appeal, **see** Pa.R.A.P. 2116 — a significant defect because that statement defines the issues that we must address to afford relief. In light of this noncompliance, we could dismiss Inch's appeal. **See** Pa.R.A.P. 2101. Upon review of Inch's brief, however, we discern one issue that he seeks to raise that is capable of our review. The third sentence of Inch's brief reads:

> The problems occurred when [the trial judge] took it upon himself to ignore the Professional Forensic Document

---

[5] The order is dated September 22, 2016.

[6] The trial court did not order a 1925(b) Statement of Errors Complained of on Appeal. In lieu of a 1925(a) opinion, the trial court presented the opinion filed on August 26, 2016, explaining its grant of summary judgment.

[7] All litigants must comply with our rules. *Pro se* litigants are no exception. **See Wilkins v. Marsico**, 903 A.2d 1281, 1284–85 (Pa. Super. 2006) ("Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing"; citations omitted), **appeal denied**, 918 A.2d 747 (Pa. 2007).

examination performed by Mr. Gary Michaels of Mortgage Defense Systems and illegally granted a Summary Judgment against Chris Inch and in favor of Nationstar Mortgage LLC through the conspiratorial enterprise of the Plaintiffs for knowingly and intentionally misrepresenting material evidence and the concealment and destruction of securities instruments and the forged and fraudulently creation of new instruments in an effort to illegally take possession of the Inch property.

Inch's Brief at 1-2. Inch therefore questions whether the trial court erred by not considering the Michaels Report when it granted Nationstar's motion for summary judgment.

Our review of a grant of summary judgment is guided by the following:

Rule of Civil Procedure 1035.2 provides that any party may move for summary judgment whenever there is no genuine issue of any material fact as to a necessary element of the cause of action, or concerning any defense which could be established by additional discovery or expert report. When reviewing a grant of summary judgment, an appellate court may disturb the trial court's order only if there has been an error of law or a clear or manifest abuse of discretion. Our scope of review is plenary in this matter, and we apply the same standard for summary judgment as the trial court employs. We must view the record in favor of the non-moving party and resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-movant.

*Cunningham v. McWilliams*, 714 A.2d 1054, 1056 (Pa. Super. 1998) (quotation marks and citations omitted), *appeal denied*, 734 A.2d 861 (Pa. 1999); *see also* Pa.R.C.P. 1035.2.

Here, the record reflects that Inch presented the Michaels Report to the trial court. However, the trial court's order and opinion make no mention of it; instead, the trial court states that summary judgment is appropriate

because Inch has not presented "any evidence" to support the fact at issue. We are therefore unable to discern whether the court considered the Report and whether it viewed the evidence in a light most favorable to Inch, the non-moving party. It may be that the trial court did not consider the Report because it concluded that the Report was not properly before it — a reason intimated by Nationstar during the summary judgment briefing.[8] But the trial court does not say that, and its reasons for not considering the Report are not apparent.

Accordingly, we vacate the order granting summary judgment and remand so that the trial court may address the evidence proffered by Inch. *Cf. Eaddy v. Hamaty*, 694 A.2d 639, 644 (Pa. Super. 1997) (vacating order granting summary judgment for correct application of summary judgment rules).

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/3/2017

---

[8] We render no decision as to whether the trial court was obligated to consider the Report, or whether, for example, discovery rules precluded its consideration. Nothing within our decision bars the trial court from again granting summary judgment.