J-A21004-24

2024 PA Super 315

| JOANNE JORDAN AND STEPHEN JORDAN | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellants | : | |
| v. | : | |
| MICHAEL LYNDE, D.P.M., JOHN YOUSSEF, M.D., YOUVAL KATZ, M.D., AND PENN HEMATOLOGY AND ONCOLOGY | : | No. 234 EDA 2024 |

Appeal from the Order Entered December 13, 2023
In the Court of Common Pleas of Bucks County Civil Division at No(s):
2021-02616

BEFORE:  KUNSELMAN, J., NICHOLS, J., and BECK, J.

OPINION BY KUNSELMAN, J.:                    **FILED DECEMBER 31, 2024**

In this medical-malpractice action, Joanne and Stephen Jordan appeal from the order granting summary judgment to the Defendants, Michael Lynde, D.P.M.; Penn Hematology and Oncology; John Youssef, M.D.; and Youval Katz, M.D.  Because the Jordans were not afforded the allowed 30 days under the Rules of Civil Procedure to respond to Dr. Lynde's motion for summary judgment, we vacate the order as to Dr. Lynde.  In all other respects, we affirm.

In 2019, Mrs. Jordan was under the care of Penn Hematology and Oncology, Dr. Youseff, and Dr. Katz (collectively, "Penn Hematology").  Penn Hematology prescribed her blood thinners, including Coumadin.

She also had a bunion on her foot, which Dr. Lynde removed.  He then prescribed Mrs. Jordan the antibiotic Bactrim.  Because Bactrim and Coumadin

are contraindicated, Mrs. Jordan's foot did not heal and became infected. According to Mrs. Jordan, on May 22, 2019, she "was advised, for the first time, there may have been an issue with her treatment, given her problematic recovery, and in particular . . . the improper administration of Coumadin, a blood thinner, while on Bactrim . . . ." Amended Complaint at 8.

Almost two years later, on May 19, 2021, the Jordans sued Dr. Lynde and Penn Hematology. The matter proceeded to discovery, and, on October 26, 2023, Penn Hematology moved for summary judgment. It asked the trial court to dismiss the case, because the Jordans failed (1) to provide an expert report on Penn Hematology's negligence and (2) to file suit within the statute of limitations.[1] The Jordans filed no response opposing the motion.

On December 5, 2023, Dr. Lynde filed a joinder in Penn Hematology's motion for summary judgment but only on the statute-of-limitations defense. Eight days later, the trial court granted both motions for summary judgment. This timely appeal followed.

The Jordans raise two issues:

1. Is summary judgment properly granted when (a) a party joins in a separate party's motion, (b) the issues and facts differ among the moving parties, and (c) the respondent was not afforded 30 days to respond to the second/joining party's motion?

2. Is summary judgment properly granted when (a) a party has granted the respondent additional time to respond to the motion, (b) the trial court is aware of the extension, (c)

_____

[1] *See* 42 Pa.C.S.A. § 5524.

the trial court seeks substantive information from counsel, and (d) the trial court rules upon the motion, nonetheless?

Jordans' Brief at 4. We address each issue in turn.

Initially, the Jordans claim the trial court erred by granting Dr. Lynde's joinder motion for summary judgment without giving them 30 days to respond. They argue Pa.R.C.P. 1035.3 allows 30 days for a party to respond to a motion for summary judgment, as well as supplement the record. The Jordans assert that this applies to a joinder motion, even if the joining defendant's summary-judgment theory is the same as the other defendants' theory, because the applicable facts and law may vary from party to party.

In response, Dr. Lynde claims the trial court correctly granted summary judgment, because he did not raise a new theory in his motion. In his view, Pa.R.C.P. 1035.3(e) permits the trial court to rule on summary judgment at any time, without written responses or briefs.[2]

Generally, as the parties note, on an appeal from a summary judgment order our scope and standard of review are plenary and *de novo*, respectively. ***See*** Jordans' Brief at 3; Lynde's Brief at 2.

However, the drafters of Rule 1035.3 explicitly "provid[ed] that a court has the ***discretion*** to rule on a motion for summary judgment at any time prior to trial." Pa.R.C.P. 1035.3, 2003 Comment (quotation omitted)

---

[2] We note that Penn Hematology also responds to the Jordans' first issue in its brief. However, this issue is irrelevant to Penn Hematology, because the Jordans had 30 days to respond to its motion for summary judgment. Thus, we disregard Penn Hematology's argument.

(emphasis added). Hence, the issue before us is not whether the trial court correctly applied the statute of limitations to the undisputed facts of record, for which our standard of review would be *de novo*. Instead, the issue is whether the trial court abused its discretion in applying Pa.R.C.P. 1035.3 by granting summary judgment only eight days after Dr. Lynde filed his joinder motion.

"Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration." ***Eaddy v. Hamaty***, 694 A.2d 639, 643 (Pa. Super. 1997). "An abuse of discretion is not merely an error of judgment. Rather, a trial court abuses its discretion if, in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable or lacking in reason." ***Id.***

When a party moves for summary judgment, the opposing party "may not rest upon the mere allegations or denials of the pleadings but must file a response within thirty days after service of the motion . . . ." Pa.R.C.P. 1035.3(a). The Jordans claim nothing in the Rule "permits a [moving] party to shorten this 30-day deadline by merely joining in another party's motion" for summary judgment. Jordans' Brief at 20. Based on our precedents, we agree.

This Court has stated that Rule 1035.3(a) "allows 30 days for response." ***Eaddy***, 694 A.2d at 643. In ***Eaddy***, the "trial court did not afford [the plaintiffs] 30 days to respond to defendant's summary judgment motion." ***Id.*** We deemed this a misapplication of Rule 1035.3, because "the Rule allows the

adverse party to 'supplement the record or set forth the reasons why the party cannot present evidence essential to justify opposition to the motion and any action proposed to be taken by the party to present such evidence.'" *Id.* (quoting Pa.R.C.P. 1035.3(b)). We explained in *Eaddy*, that by "failing to apply the new rules governing summary-judgment motions and to follow proper legal procedures, the trial court committed an abuse of discretion." *Id.* at 644. Accordingly, we vacated summary judgment and "remanded to the trial court with directions that it allow [the plaintiffs] 30 days to respond to defendant's summary judgment motion and then proceed as contemplated by [] Rules of Civil Procedure 1035.1 through 1035.5." *Id.*

*Eaddy* is directly on point and controls the outcome of the Jordans' first issue. Dr. Lynde filed his motion for summary judgment, and the trial court hastily granted it eight days later. The trial court did not give the Jordans 30 days to respond to Dr. Lynde's motion or to supplement the record to counter his motion.

The trial court and Dr. Lynde contend that summary judgment was appropriately granted, because Dr. Lynde merely joined Penn Hematology's motion and statute-of-limitations defense. However, as the Jordans observe, there may be facts and legal arguments against Dr. Lynde's statute-of-limitations defense that do not apply to Penn Hematology's motion, such as the discovery rule. The only way to be certain that such facts and legal arguments do not exist is to give the Jordans 30 days, as permitted by Rule 1035.5(a), to assert them. By prematurely granting Dr. Lynde's motion, the

- 5 -

trial court denied the Jordans the full and fair opportunity to respond to the motion which the Rules of Civil Procedure clearly provide. Thus, the trial court abused its discretion. **See Eaddy**, **supra**.

The Jordans' first issue entitles them to appellate relief as to Dr. Lynde.

Next, the Jordans claim the trial court erroneously granted summary judgment to Penn Hematology. They allege that counsel for Penn Hematology told the Jordans' attorney that the Jordans could have more time to answer Penn Hematology's motion for summary judgment. The Jordans claim they advised the trial court of this agreed-upon extension in a December 15, 2023 e-mail to the trial judge's administrative assistant. As such, the Jordans maintain that equity demands vacating summary judgment in favor of Penn Hematology. **See** Jordans' Brief at 32-33.

Penn Hematology responds that the Jordans did not request a formal extension of time from the court. It asserts that they needed to move for an extension of time according to Rules of Court, and because they did not, the issue is waived.

"The issue of waiver presents a question of law, and, as such, our standard of review is *de novo*, and our scope of review is plenary." **Trigg v. Children's Hosp. of Pittsburgh of UPMC**, 229 A.3d 260, 269 (Pa. 2020). "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a).

Here, the Jordans neglected to file their own motion to request additional time to respond to Penn Hematology's summary judgment motion

- 6 -

pursuant to the Rules of Civil Procedure, before the trial court entered its order granting summary judgment. In Pennsylvania, a motion shall:

    (1)    contain a caption setting forth the name of the court, the number of the action, the name of the motion, and the name of the moving party,

    (2)    be divided into paragraphs numbered consecutively,

    (3)    set forth material facts constituting grounds for the relief sought, specify the relief sought and include a proposed order,

    (4)    include a certificate of service . . . and

    (5)    be signed and endorsed.

Pa.R.C.P. 208.2(a). The e-mail from the Jordans' attorney to the trial judge's administrative assistant lacked most of the above items. Additionally, the e-mail was never filed with the Prothonotary or served on the opposing party prior to being presented to the trial court. Thus, we hold that e-mails to the administrative assistants of trial judges do **not** constitute motions practice in this Commonwealth.

The Jordans never formally moved for additional time beyond the 30 days provided in the Rules of Civil Procedure to respond to Penn Hematology's motion for summary judgment. Given that the Jordans did not file a motion for an extension of time on the record, they did not raise this issue in the trial court or preserve it for appeal. As such, we dismiss the Jordans' second issue as waived. See Pa.R.A.P. 302(a).

Order affirmed as to Dr. Youssef, Dr. Katz, and Penn Hematology and Oncology. Order vacated as to Dr. Lynde; case remanded for the Jordans to

supplement the record and file a response to Dr. Lynde's motion within 30 days of remand.

Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/31/2024