590 A.2d 1286

**Betty Jane STEINFURTH and Robert E. Steinfurth, her husband, Appellants,**

**v.**

**John V. LAMANNA, M.D. and Proserpi– Moser Plastic Surgery Clinic.**

Superior Court of Pennsylvania.

Argued Jan. 8, 1991.

Filed May 14, 1991.

Alan Schwartz, Philadelphia, for appellants.

Christopher A. Stump, Lancaster, for appellees.

Before WIEAND, MONTEMURO and HESTER, JJ.

HESTER, Judge:

This is an appeal from the March 9, 1990 order granting summary judgment to appellees, Dr. John V. LaManna and Proserpi–Moser Plastic Surgery Clinic. Summary judgment was premised upon a sanction order precluding appellants, Betty Jane and Robert Steinfurth, from introducing expert testimony on the issue of Dr. LaManna's malpractice. Since we consider the sanction order inappropriate under current authority, we reverse.

Appellants instituted this action on September 22, 1986, alleging that Dr. LaManna negligently treated Mrs. Steinfurth. In 1982, Mrs. Steinfurth underwent a stomach stapling procedure in Florida to lose weight. Following this surgery, she developed a severe infection at the site of the incision. Although Mrs. Steinfurth eventually lost weight, she developed excess stomach skin and contacted Dr. La-Manna to correct the problem. At her first appointment with the doctor, she completed a questionnaire containing information about the 1982 post-operative infection. She also orally informed the doctor about it.

On October 1, 1984, Dr. LaManna performed an abdominoplasty at Reading Hospital and Medical Center. Following surgery, Mrs. Steinfurth developed an elevated temperature which continued to rise over the course of the next several days. Despite this fact, the wound was not examined until October 6, 1984, following Mr. Steinfurth's insistent demands, when the existence of a severe infection was discovered. She was administered antibiotics that day for the first time.

Due to the severity of the infection, Mrs. Steinfurth was incapacitated for several months, underwent an abdominoplasty revision, and has severe stomach scarring from destroyed stomach tissue. During a post-operative visit with Mrs. Steinfurth, Dr. LaManna admitted that his post-operative care was deficient due to his failure to review her medical history revealing the severe infection from the 1982 operation.

On November 6, 1986, appellees promulgated written interrogatories which included a request that appellants identify their expert witness. Following objection to the inclusion of that request, appellees served a second set of expert interrogatories on May 5, 1987. On December 8, 1987, appellants responded that they had not retained an expert as yet. Then, in July, 1987, appellants procured appellees' consent to wait until after Dr. LaManna's deposition for answers to the expert witness interrogatories.

Due to scheduling problems, the doctor's deposition was not taken until August, 1988. Since Dr. LaManna's deposition revealed that his partner also rendered post-operative treatment to Mrs. Steinfurth, appellants arranged to depose the partner on January 10, 1989. On February 22, 1989, appellants filed a motion for sanctions based on appellees' failure to identify their expert. In response, appellants agreed to provide the report within sixty days of April 3, 1989, or June 2, 1989. This agreement was approved by the trial court.

Appellants experienced difficulty obtaining an expert in infectious diseases but eventually retained a New Jersey physician, Dr. Jonathan R. Spicehandler, who received all relevant materials prior to the June 2, 1989 deadline. He, however, was out of the country until early June. Dr. Spicehandler's report was forwarded to appellees on June 28, 1989.

In the meantime, on June 8, 1989, appellees filed a second motion for sanctions, and the court scheduled argument on this motion for July 16, 1989. On June 19, 1989, appellants' counsel had abdominal surgery and did not return to work

until July 19, 1989, three days following the argument. When the expert report was sent on June 28, 1989, counsel for appellants requested confirmation that appellees would not proceed with the sanction motion since the report had been supplied. Appellees did not respond to this request. Appellants' counsel, assuming that appellees did not intend to pursue the sanction request, did not ask anyone to appear at the argument on the motion during his absence from the office. Appellees concede that at oral argument they did not inform the court that they had received the expert report.

On August 2, 1989, the court issued an order precluding appellants from introducing expert testimony at trial. Appellants filed a motion for reconsideration on August 22, 1989, but the trial judge retired prior to ruling on the motion to reconsider. The motion was denied on January 16, 1990, by a different trial judge. Appellees subsequently filed a successful motion for summary judgment based on the preclusionary order. This appeal followed.

 Rule 4019(a) of the Pennsylvania Rules of Civil Procedure authorizes the imposition of sanctions for failure to comply with discovery orders. However, when a discovery sanction is imposed, the sanction must be appropriate when compared to the violation of the discovery rules. *Pride Contracting, Inc. v. Biehn Construction, Inc.*, 381 Pa.Super. 155, 553 A.2d 82 (1989). Presently, the sanction is tantamount to dismissal of the action since it resulted in summary judgment being granted based on appellants' inability to present expert testimony and thereby to establish that Dr. LaManna's treatment fell below the applicable standard of care. Accordingly, we strictly scrutinize the appropriateness of the sanction as it produces the harshest result possible and should be imposed only in extreme circumstances. *Id.*

 In *Pride,* we discussed the factors which must be

considered when a discovery sanction is imposed.[1] We first examine the party's failure in light of the prejudice caused to the opposing party and whether the prejudice can be cured. *See also Brunetti v. Southeastern Pennsylvania Transportation Authority*, 329 Pa.Super. 477, 478 A.2d 889 (1984). A second factor to be examined in reviewing a sanction is the defaulting party's willfulness or bad faith in failing to comply with the discovery order, *i.e.*, the merits of their excuse. Third, we consider the number of discovery violations. Repeated discovery abuses are disapproved. Finally, as noted above, the importance of the precluded evidence in light of the failure must be considered. *See Feingold v. Southeastern Pennsylvania Transportation Authority*, 512 Pa. 567, 517 A.2d 1270 (1986), where the Supreme Court held that in determining whether to preclude an expert's testimony at trial when that expert was not identified in interrogatories, the trial court must examine: 1) whether the non-offending party was prejudiced; 2) the merit of the offending party's excuse for not identifying the expert; and 3) the importance of the excluded testimony.

In the present case, all factors militate against the sanction imposed. First, we note that appellants did not engage in "repeated" failures to comply with discovery orders, as contended by appellees. Appellees promulgated interrogatories, and appellants responded that they had not yet retained an expert and would provide a report when an expert was retained. Then, appellees agreed to wait until Dr. LaManna was deposed to renew their request for an expert report. After the doctor's deposition, appellees filed their first sanction request. The consent order resulting from this request was the first and only order violated, by

1. Appellees suggest in their argument that these factors do not have to be considered because this sanction was entered under Pa.R.Civ.P. 4019. Appellees' brief at 15. We are puzzled by this assertion and reject it. *Pride,* for example, involves a sanction entered under Rule 4019, and we applied these four factors in determining whether the sanction was appropriate.

twenty days, by appellants. Accordingly, there are no repeated discovery "abuses" at issue in this case.

Second, there is no showing of willfulness or bad faith. Once Dr. LaManna and his partner were deposed, appellants made efforts to obtain an expert witness. They, in fact, supplied the report within three weeks of when the discovery order required the report. This delay was caused, in part, by their doctor's schedule and not due to disregard of their responsibility to supply the report. Thus, the record establishes appellants' good faith efforts *and* substantial compliance with the trial court's discovery order. *See Shehady v. Pittsburgh Post–Gazette*, 307 Pa.Super. 247, 453 A.2d 18 (1982) (order dismissing complaint as discovery sanction reversed since willfulness of violation was not considered and willfulness was not present when party complied substantially with discovery order). *Compare McSloy v. Jeanes Hospital*, 376 Pa.Super. 595, 546 A.2d 684 (1988) (failure to comply with order was unexplained).

Moreover, we find no resulting prejudice to appellees. They allege that they were prejudiced by "having to operate under cloud of this lawsuit for a prolonged period of time without being able to prepare an appropriate defense." Appellees' brief at 8. However, trial in this matter had not been scheduled. *Compare Dion v. Graduate Hospital of University of Pennsylvania*, 360 Pa.Super. 416, 520 A.2d 876 (1987) (appellant failed without explanation to comply with order requiring him to provide expert reports then two weeks prior to trial and on the first day of trial, respectively, submitted the name of an expert who he proposed to have testify as a witness). In this case, appellees still had time to review the report, depose Dr. Spicehandler, and obtain another expert to refute Dr. Spicehandler's opinions. Further, appellees agreed to wait until Dr. LaManna was deposed thereby consenting to operating under cloud of this lawsuit for all but ten months of the time that they did not have the expert report.

Indeed, appellees' attempt at proving prejudice establishes that none did exist. They posit that due to delay between institution of the action and the preclusionary order, "the risks that witnesses or documents relevant to Dr. LaManna's defense had or would become unavailable was increasing." Appellees' brief at 17. This indicates that witnesses or documents were not lost. Further, Dr. La-Manna was aware that appellants' case was premised upon his and his partner's failure to monitor and treat Mrs. Steinfurth's post-operative infection even though her medical history indicated that she was at risk for severe infection at the incision site.

Finally, we conclude that the sanction was disproportionate to the default at issue, which was an *untimely* report. By the time the motion for compliance was filed, appellants had retained an expert, he had the appropriate documents, and a report was forthcoming. At the time the sanction request was argued and granted, appellees had the expert report in their possession. An order eventually resulting in the dismissal of the case was too harsh a remedy for the default at issue.

Appellees rely heavily upon *Brophy v. Brizuela*, 358 Pa.Super. 400, 517 A.2d 1293 (1986), but we believe this reliance is misplaced. There, an expert never was located, no explanation as to why an expert was not located was offered, and the defaulting party failed to indicate what efforts were made to locate an expert. In the present case, an expert was located and a report was forwarded.

Finally, we do not consider appellants' failure to appear at the July 16, 1989 argument dispositive of this matter. Counsel was recovering from surgery and had supplied the expert report. Although counsel should have been more diligent in discovering whether appellants intended to pursue the preclusion sanction, counsel also had the right to expect appellees' counsel to inform the trial court that the expert report had been received. Appellants' failure to appear must be weighed against appellees' failure to reveal this important consideration to the court. The physical

condition of appellants' counsel also cannot be ignored. He still had not returned to work from his surgical procedure when the argument occurred. On appeal, an issue is waived only if not presented to the trial court. Appellants presented the arguments raised in this appeal to the trial court in their motion for reconsideration of the sanction order. We refuse to find the issues waived.

In light of the foregoing, the August 2, 1990 order precluding appellants from introducing expert testimony is reversed, the March 9, 1990 summary judgment order is reversed, and the matter is remanded. Jurisdiction relinquished.