### Henderson v. Delone

*James C. O'Connor,* for plaintiff.
*Susan L. Wallack,* for defendants.

BRADLEY, *J.*, June 24, 1992—Defendants' motion to preclude expert testimony was allowed May 19, 1992. This order effectively ended the litigation.

Plaintiffs filed this medical malpractice suit alleging that the defendants were professionally negligent in the treatment of husband-plaintiff's hand. A summons was filed in April of 1990 and the complaint filed in August of 1990. Expert interrogatories were sent to plaintiffs in May of 1990. Motions to compel answers were filed in January of 1991 and again in June of 1991. The latter resulted in an order of this court by the Honorable R. Barclay Surrick dated November 12, 1991, setting out a comprehensive mandate that all discovery, including answers to expert interrogatories, be concluded promptly.

Plaintiffs failed to answer the expert interrogatories, doing nothing even after a trial notice was sent March 17, 1992, scheduling the trial on June 1, 1992. Defendants filed a motion to preclude expert testimony on April 23, 1992, which resulted in an answer which sought to set off completion of discovery for 90 days. The plaintiffs' attorney then filed a petition to withdraw as counsel alleging differences between him and his clients. Curiously, these differences were never raised prior to the crunch created by the trial notice and the failure to seasonably respond to discovery. In this filing, the attorney sought by this effort to buy additional time in a case scheduled for trial. The court was not impressed either by the explanation for failing to follow the clear mandate of Judge Surrick nor by the subterfuge of attempting to withdraw in the face of imminent trial.

Rule 4019(a) of the Pennsylvania Rules of Civil Procedure allows the imposition of sanctions for failure to comply with discovery orders. The sanctions must be appropriate to the violation. *Pride Contracting Inc. v. Biehn Construction Inc.*, 381 Pa. Super. 155, 553 A.2d 82 (1989). That decision requires the trial court to consider three factors: prejudice to the opposing party, the merits of the recalcitrant parties' excuse, and the number of violations.

Plaintiffs' repeated violations and failure to either respond to Judge Surrick's order or seasonably ask for relief, together with the specious response to defendants' motion to preclude, satisfied the latter two factors.

The only factor left to be considered was the prejudice to the defendant and whether the prejudice could be cured. Plaintiffs' cite *Steinfurth v. LaManna,* 404 Pa. Super. 384, 590 A.2d 1286 (1991), where a trial court decision to preclude was reversed by the Superior Court. This court believes that decision is inapposite to the case in issue. In this case, the plaintiffs failed repeatedly to complete discovery to which defendants were entitled until this case was scheduled for trial. To request more time for discovery at that time seems beyond the grace required by *Steinfurth, supra.* In this county, cases are automatically certified for trial after one year, and cases should be ready for trial. The parties are entitled to a timely trial and surely the defendants here are prejudiced by plaintiffs' failure to be ready.