## Pedrick v. Deerland Corp.

*Robert W. Claypole,* for plaintiffs.
*Thomas A. Brophy,* for defendant.

LOWE, *J.,* October 29, 1992—This matter is on appeal before the Superior Court of Pennsylvania following the September 8, 1992 entry of judgment in favor of plaintiffs. Plaintiffs are adult individuals who at all times pertinent resided at the same address. Defendant is a corporation licensed and authorized to conduct business at all times pertinent to this matter. The alleged incident occurred on December 14, 1987 when defendant's employees were removing debris from the roof of a building where a fire had previously occurred. Plaintiff John Pedrick, who was in the employ of United Parcel Service, had completed a delivery when he was struck and injured by a large piece of debris thrown from the building by defendant's employees.

A complaint was filed with this court on August 24, 1990. In the course of discovery, plaintiffs served defendant with interrogatories asking defendant to provide plaintiffs with information regarding the identity and location of defendant's employees present at the site of the incident on the date in question for purposes of depo-

sition. When defendant failed to comply with the request, plaintiffs filed a motion to compel discovery on November 25, 1991 to which defendant failed to file a timely response. On January 16, 1992, the court granted plaintiffs' motion and ordered defendant to produce defendant's employees for a deposition or, in the case that defendant was unable to produce said individuals, defendant was to provide to plaintiffs the current addresses (if known), the last known addresses, the social security numbers of the individuals, and the operator's license number of the individuals (if known). Moreover, the court ordered defendant to provide full, complete, responsive, and verified answers to all interrogatories which plaintiffs had served upon defendant within 20 days of the order or risk further sanctions.

In the following months, defendant failed to comply with said order, producing only defendant's president Peter Borowski at a deposition on March 16, 1992. Inasmuch as Mr. Borowski was not present at the site of the accident, plaintiffs were unable to attain the necessary information for purposes of preparing the matter for trial. However, upon learning from Mr. Borowski during the deposition that the requested information may be contained inside employee files in defendant's possession, plaintiffs filed a request for discovery of said documents on March 19, 1992. Again, defendant failed to respond.

On June 2, 1992 plaintiffs filed a motion for sanctions and judgment in plaintiffs' favor as well as a motion to compel production of employee files. Again, defendant failed to file a timely response to plaintiffs' motion to compel. On July 2, 1992 the court granted said motion and ordered defendant to produce said documents or risk

further sanctions. On August 25, 1992 defendant filed a motion for reconsideration of said court order in which defendant alleged lack of knowledge of the present location of the requested employee files. Furthermore, defendant agreed to allow plaintiffs to enter the premises and search for said documents but admitted that the files were not categorized and that any search may constitute a blind search. On August 31, 1992, upon consideration of defendant's motion and plaintiffs' answer, said motion for reconsideration was denied.

On September 8, 1992, after hearing and consideration of arguments submitted by both parties, this court granted plaintiffs' motion for sanctions and entered judgment for plaintiffs. At the time of the hearing, defendant had not complied with the court's order to produce the requested documents. On September 8, 1992, Rhonda Hill Wilson, Esquire, withdrew her appearance for defendant. On the same day, Thomas A. Brophy, Esquire entered his appearance for defendant and filed a motion for reconsideration of the court's ruling of September 8, 1992. On September 29, 1992, the court denied defendant's motion for reconsideration. On October 5, 1992, defendant served a notice of appeal.

The facts to be considered when imposing a discovery sanction are enunciated in *Steinfurth v. LaManna,* 404 Pa. Super. 384, 388-89, 590 A.2d 1286, 1288 (1991). The first factor in determining the applicability of a discovery sanction is the degree of prejudice caused to the opposing party as well as the curability of the prejudice. The second factor is the presence of bad faith which can be inferred from the merits of the opponent's excuse for failing to comply with the discovery order. The third factor considers the number of discovery violations.

Instantly, an application of those considerations to the facts of the case justifies the imposition of sanctions. First, defendant caused incurable prejudice to plaintiff's legal interests by failing to comply with the order of January 16, 1992. This order compelled defendant to produce at a minimum the last known addresses and social security numbers of Martin Coe, Robert Burns, William Sullivan, Mack Westlove, Mark Mayer, and Peter Borowski. Defendant produced Peter Borowski for a deposition on March 16, 1992 but failed to produce the social security numbers of the other individuals. It is also in dispute whether defendant produced the last known address of all individuals. In addition, no information whatsoever was provided on Mark Mayer.

The location of defendant's employees was imperative to plaintiffs' case since those individuals were present at the time of the accident and were alleged to be implicated in the events leading to its occurrence. (See plaintiffs' interrogatories addressed to defendant, exhibit "C".) Defendant's unwillingness to comply with plaintiffs' various discovery requests as well as its failure to abide by two court orders directing it to fulfill said requests have been well documented. This conduct has incurably prejudiced plaintiffs' case. The prejudice is caused as a result of the passage of time from the filing date (12/14/89) which has made locating defendant's employees an unfair and extremely difficult endeavor; moreover, even if those employees could now be deposed, their memories would undoubtedly be diminished by the passage of time.

Second, the defendant's conduct evidences bad faith which is illustrated by defendant's non-meritorious excuses for its conduct.

As stated above, defendant advanced essentially one reason for its failure to comply with plaintiffs' discovery

requests, namely that defendant alleges to have supplied plaintiffs with as much information as is available on William Sullivan, Mack Westlove, Martin Coe, and Robert Burns. The court's order of January 16, 1992 compelled defendant to provide at a minimum the individual's last known addresses as well as their social security numbers.

An evaluation of defendant's compliance reveals that while it arguably provided the last known addresses of four individuals, a claim disputed by plaintiffs, it clearly failed to provide Mark Mayer's address; moreover, defendant never provided the social security numbers of the individuals in question as required by the order. However, this court may have been disinclined to find bad faith on the part of defendant had there been other signs evidencing good faith. Defendant could have made an attempt to comply with the court's order by submission of a letter explaining the steps that had been taken to procure the requested items; defendant could also have requested an extension of time or registered objections to plaintiffs' initial interrogatories. Defendant also could have chosen to permit plaintiffs to enter the premises located at 100 Ross Road, Bridgeport, Pennsylvania, to discover any files which could provide the requested information pursuant to Pa.R.C.P. no. 4009(a)(2). Yet, defendant failed to take either measure in compliance with the first order of January 16, 1992.

It was only after defendant had become aware of plaintiffs' motion for sanctions in the form of judgment in plaintiffs' favor that defendant offered permission to enter and inspect its premises pursuant to Rule 4009(a)(2). This offer cannot be construed as a sign of good faith but was clearly made for fear of the court rendering judgment in plaintiffs' favor.

Defendant also alleges an inability to verify its answers. However, this issue is collateral to a determination of bad faith with respect to the procurement of information on the group of individuals listed in the order of January 16, 1992. Since this court finds bad faith in the defendant's failure to comply with the court's order, this determination is dispositive on the issue of bad faith regarding the verification of defendant's answers.

The third factor listed in *Steinfurth* measures the number of violations. In the instant case, the defendant has neither complied nor attempted to comply in good faith with the court orders of January 16, 1992 and July 5, 1992 directing discovery. In response to two motions to compel compliance with plaintiffs' discovery requests, defendant filed untimely answers. Plaintiffs' first motion to compel was filed November 25, 1991, and a rule returnable date was set for January 14, 1992; however, defendant filed its response on January 24, 1992. Plaintiffs filed their second motion to compel on June 2, 1992 and a rule returnable date was set for June 30, 1992. Again, defendant filed an untimely response on July 8, 1992. As a matter of law, both of defendant's responses and the arguments to show cause contained therein were not considered.

Following the granting of both motions to compel, defendant still failed to comply with the court's order. In the case of the first motion, the defendant could have reasserted its reasons for failing to comply with plaintiffs' discovery request by filing a motion for reconsideration; yet defendant failed to do so and proceeded to ignore the court's order of January 16, 1992. In the case of the order of July 5, 1992, defendant did file a motion for reconsideration which was denied on August 31, 1992. Nevertheless, even then defendant failed to comply with the court's order. In both court orders, the defendant was

warned that a violation of the order may lead to sanctions. It was foreseeable to defendant that such sanctions could result in judgment being entered in plaintiffs' favor.

Finally, the court's entry of judgment for plaintiffs is the appropriate sanction given defendant's conduct as set forth above. Moreover, the court's ruling in the instant circumstances is supported by Pennsylvania case law. In *Isenberger v. Schumann,* 415 Pa. 217, 203 A.2d 136 (1966), plaintiff served interrogatories on defendant, objections to which were overruled by the court. After the defendant failed to respond to the court's order, the court again directed defendant to file complete answers and signed a post-dated order directing entry of default judgment if complete answers were not filed prior to the date of the order. Defendant then filed untimely and evasive answers and, on appeal, the appellate court held that the default judgment had been properly entered.

In the instant case, this court has shown greater patience than displayed by the trial court in *Isenberger.* Whereas the defendant in *Isenberger* filed timely objections to the interrogatories, the defendant in the instant case failed to submit any objections under Pa.R.C.P. 4006(a). Moreover, defendant in the instant case failed to file timely responses to plaintiffs' two motions to compel. The *Isenberger* court extended to the defendant only an 18 day period in which to comply with the second order directing defendant to answer the interrogatories by entering a post-dated default judgment to become effective if defendant failed to abide by the court's order. In the instant case, this court scheduled a hearing on the motion for sanctions which was held approximately two months after the second court order. The motion for sanctions and entry of judgment in favor of plaintiffs were granted following the hearing.

It is therefore our belief that entry of judgment for plaintiffs was the appropriate sanction in light of defendant's obdurate conduct. In view of the foregoing, this court's ruling to direct judgment in plaintiffs' favor should not be disturbed.