J-S45031-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

MICHAEL HAAS

        Appellant

        v.

MARVIN REINERT

:
:
:
:
:
:
:
:
:
:
:

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 1424 MDA 2014

Appeal from the Order Entered June 26, 2014
In the Court of Common Pleas of Berks County
Civil Division No(s).: 09-13193

BEFORE: BOWES, WECHT, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:        **FILED JUNE 17, 2016**

This case returns to us for reconsideration. In this vehicle accident case, Appellant/Plaintiff, Michael Hass, appeals from the order entered in the Berks County Court of Common Pleas granting summary judgment in favor of Appellee/Defendant, Marvin Reinert. Appellant challenges the court's discovery sanctions, which precluded him from presenting any evidence as to liability or damages at trial. Appellee contends the instant appeal should be quashed based upon Appellant's late filing of his brief or his failure to file a response to two motions for sanctions. We decline to quash the appeal. We vacate the court's February 25, 2014 and March 11, 2014 sanction

---

[*] Former Justice specially assigned to the Superior Court.

orders and the June 26, 2014 summary judgment order, and remand for the court to fashion an amended sanction order.

The underlying vehicle accident occurred on October 18, 2007. According to Appellant, "Appellee was operating a farm tractor which was pulling a flat bed wagon carrying a . . . section of a corn bin/silo," which "took up both lanes of the two-lane roadway." Appellant's Brief at 9. Appellant was driving "a motorcycle and traveling in the opposite direction," "had to take evasive action," lost "control of his motorcycle and crash[ed] onto the roadway." *Id.*

Appellant commenced this negligence action against Appellee by filing a praecipe for summons on October 19, 2009,[1] and on August 19, 2010, filed a complaint. The trial court summarized the following pertinent procedural history:

> On July 10, 2013, [Appellee] served [Appellant] a Fourth Set of Interrogatories seeking information regarding [Appellant's] motorcycle experience and training. On September 24, 2013, [Appellee] served [Appellant] a Fifth Set of Interrogatories seeking information concerning [Appellant's] tax records and wage loss claim. [Appellant] did not respond to these Interrogatories and [Appellee] obtained Orders from this Court on December 5 and 6, 2013, directing [Appellant] to answer [Appellee's] Interrogatories within 20 days.

Trial Ct. Op., 11/7/14, at 1.

_____

[1] The second-year anniversary of the accident was Sunday, October 18, 2009. Thus, Appellant's praecipe for summons, filed the following day, Monday, was timely under the two-year statute of limitations for a negligence action. *See* 1 Pa.C.S. § 1908; 42 Pa.C.S. § 5524(2).

- 2 -

On January 8, 2014, Appellant's counsel, Andre Michniak, Esq., ("Counsel"), who was

> aware [Appellant] was in violation of [the] Orders[,] contacted counsel for [Appellee] to advise [Appellant's] discovery responses would be received by January 10, 2014, and requested that [Appellee] not file a Motion for Sanctions until after January 10, 2014. [Appellant] agreed . . . .
>
> On January 10, 2014, [Counsel] telephoned [Appellee] to advise [Appellant's] discovery responses would now be sent on January 13, 2014, and again requested that [Appellee] not file a Motion for Sanctions. Defense counsel again agreed. On January 31, 2014, still having received no response to [his] requests, [Appellee's] counsel filed a Motion for Sanctions, which [Appellant] did not respond to, and this Court granted by Order dated February 25, 2014, **precluding [Appellant] from introducing any testimony or evidence at the time of Arbitration and/or trial on the issue of liability**. [Appellee] filed a second Motion for Sanctions, to which [Appellant] also failed to respond, and this Court granted by Order dated March 11, 2014, **precluding [Appellee] from offering any testimony or evidence at the time of Arbitration and/or trial on the issue of damages**.

*Id.* at 4 (emphases added).

In granting Appellee's motions for sanctions, the trial court applied the four-part test set forth in *City of Phila. v. Fraternal Order of Police Lodge No. 5*, 985 A.2d 1259 (Pa. 2009) ("*FOP Lodge*"). It found: (1) Appellant's failure to respond to Appellee's discovery requests resulted in "substantial" prejudice to Appellee; (2) Appellant acted willfully and in bad faith in failing to provide the requested discovery; (3) the precluded evidence and testimony was "of the utmost importance to [Appellee's

case];" and (4) the court provided Counsel "ample times in the instant action and other actions to comply with the time limits and orders issued," and in "numerous actions involving [Counsel,] nearly all deadlines and orders issued by [the] Court have been willfully ignored without a credible explanation[.]" Trial Ct. Op. at 3-5.

On April 17, 2014, Appellee filed a motion for summary judgment. On May 19th, Appellant filed a timely response[2] and, for the first time, acknowledged before the court the Fourth and Fifth Sets of interrogatories by filing a motion to reconsider the orders imposing the discovery sanctions. *See* R.R. at 82a-89a.[3] The court denied Appellant's motion for reconsideration on May 21st. On June 26th, it granted Appellee's motion for summary judgment and dismissed Appellant's compliant with prejudice. Appellant took this timely appeal[4] and complied with the court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

---

[2] The thirtieth day after Appellee's notice of his motion for summary judgment was Saturday, May 17, 2014. *See* Pa.R.C.P. 1035.3(a) (requiring adverse party to file response to motion for summary judgment within thirty days after service of motion). Thus, Appellant's response, filed on Monday, May 19th, was timely. *See* Pa.R.C.P. 106(b) ("Computation of Time").

[3] For the parties' convenience, we refer to the reproduced record where applicable.

[4] Although the text of the order granting summary judgment stated a date of June 26, 2014, it was not time-stamped as "filed" and entered on the docket until July 21st. Notice was not given until July 25th. Appellant thus generally had thirty days from the notice date, or until Sunday, August 24th, to take an appeal. *See* Pa.R.C.P. 236(a)(2)(b). His notice of appeal filed Monday, August 25th, was thus timely. *See* Pa.R.C.P. 106(b).

Appellant presents one issue for our review: whether the trial court abused its discretion in failing to hold a hearing and in imposing the discovery sanctions. Appellant challenges the court's findings under the four-part *FOP Lodge* test, arguing the following. First, the prejudice to Appellee "has been minimal to none." Appellant's Brief at 15. Appellant was deposed by Appellee's counsel for 3 hours, and Appellant in total provided 800 pages of discovery. Appellee did not explain how the lack of "answers to the six questions posed in the two sets of interrogatories" "amounted to a 'substantial diminution' of [his] ability to properly present his case." *Id.* at 16. Second, while Appellant does not deny there was a "violation of the discovery rules," he maintains there was no "willfulness or bad faith in his non-compliance." *Id.* at 20. Instead, his brief contends, Counsel had "significant family-related problems, including his being responsible for the care of his 90-year old mother who was seriously ill with Alzheimer's Disease and who subsequently passed away and also having to deal with the serious illness of another family member."[5] *Id.* at 19.

Third, Appellant concedes "there were several violations of discovery deadlines based upon personal issues raised by [his] counsel." *Id.* However, Appellant alleges, "the circumstances of this case are very different from those" in cases in which "the appellate courts have [upheld]

_____

[5] In the motion for reconsideration, Counsel stated his "deal[ing] with family illnesses and having to care for his 90-year old mother . . . has affected [C]ounsel in other cases." Appellant's Mot. for Recons., 5/19/14, at ¶ 36.

the severest of discovery sanctions—preclusion of all evidence and testimony on liability and damages at trial or outright dismissal." *Id.* Next, Appellant reasons the trial court could have sanctioned him by deeming his failure to answer the Fourth Set of Interrogatories as admissions that he had no motorcycle training. With respect to the Fifth Set of Interrogatories, Appellant avers he gave Appellee "written authorizations for the release of his tax records" from the Internal Revenue Service ("IRS"), and it was the IRS who would not release certain records. *Id.* at 22. Appellant also claims Counsel "orally advised" Appellee's counsel that Appellant would not bring "a claim for loss of future wages and/or diminution of earning capacity, and therefore the production of any of [his] tax records was not relevant to Appellant's claims for damages." *Id.* at 23. Appellant reasons the court could have sanctioned him by barring any claim for past and future wage loss or diminution of earning capacity. Accordingly, Appellant concludes, the court's sanctions do "not 'fit the crime.'" *Id.* at 22.

Finally, Appellant complains the trial court did not hold a hearing, develop a record, or "analyze whether [his] non-compliance occurred in light of the [*FOP Lodge*] standards." *Id.* at 18. Appellant contends the court's comments about his counsel are "very mistaken"[6] and "troubling" because

---

[6] Specifically, the brief avers:

> Counsel believes that there were two prior cases involving this trial court in which counsel did not meet discovery

"the allegations are not a part of the record in this case[ but] cast counsel in a very negative light." **Id.** We agree that relief is due.

As a prefatory matter, we consider whether the appeal should be quashed.[7] This Court granted Appellant an extension of time within which to file his brief. Appellant filed his brief five days after the date it was due. Appellee filed a motion to quash the appeal due to Appellant's late filing of his brief. **See** Pa.R.A.P. 2188 (providing "[i]f an appellant fails to file his . . . brief . . . within the time as extended, an appellee may move for dismissal of the matter."

In **Commonwealth v. Maris**, 629 A.2d 1014 (Pa. Super. 1993), this Court quashed the appeal because the appellant's "brief violate[d] the Pennsylvania Rules of Appellate Procedure to a degree that preclude[d] us from conducting meaningful review of his claims." **Id.** at 1015. In the case *sub judice*, although the brief was late, Appellant's brief adequately complies with Pa.R.a.P. 2111 and does not preclude meaningful appellate review.

_____

deadlines. In one, the reason was due to a partnership dissolution in counsel's practice which temporarily seriously disrupted counsel's practice, and in the other, it was because of the sudden death of a 19 year old family member and the serious illnesses of counsel's parents. Neither of these situations could be categorized as being "willful" or involving "bad faith."

Appellant's Brief at 18.

[7] Appellee filed a motion to quash this appeal. A *per curiam* order by this Court denied the motion without prejudice for Appellee to raise this issue before the merits panel. **See** Order, 2/27/15.

Accordingly, we decline to quash the instant appeal. **See Long v. Ostroff**, 854 A.2d 524, 527 (Pa. Super. 2004) (merits of appeal considered despite party violating rules of appellate procedure where violations did not impede review).

Generally, we review a discovery order and an order imposing sanctions under an abuse-of-discretion standard. **St. Luke's Hosp. of Bethlehem v. Vivian**, 99 A.3d 534, 540 (Pa. Super. 2014) ("**St. Luke's Hosp.**"). However, this Court has stated, in review of an "order granting summary judgment [that] was premised upon a sanction order precluding [the plaintiffs] from introducing expert testimony on the issue of [the defendant doctor's] malpractice:"

> [W]hen a discovery sanction is imposed, the sanction must be appropriate when compared to the violation of the discovery rules. Presently, the sanction is tantamount to dismissal of the action since it resulted in summary judgment being granted based on [the plaintiffs'] inability to present expert testimony and thereby to establish that [the defendant doctor's] treatment fell below the applicable standard of care. Accordingly, we strictly scrutinize the appropriateness of the sanction as it produces the harshest result possible and should be imposed only in extreme circumstances.

**Steinfurth v. LaManna**, 590 A.2d 1286, 1288 (Pa. Super. 1991) (citations omitted).

Pennsylvania Rule of Civil Procedure 4019, governing sanctions, provides that a court "may, on motion," enter "an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or

prohibiting such party from introducing in evidence designated documents, things or testimony . . . ." Pa.R.C.P. 4019(c)(2).

In **FOP Lodge**, our Supreme Court stated:

> [T]rial and appellate courts . . . should examine [the following factors] before determining the general severity and vitality of a discovery sanction: (1) the prejudice, if any, endured by the non-offending party and the ability of the opposing party to cure any prejudice; (2) the noncomplying party's willfulness or bad faith in failing to provide the requested discovery materials; (3) the importance of the excluded evidence in light of the failure to provide the discovery; and (4) the number of discovery violations by the offending party. In applying these factors to appeals where a trial court dismissed an action for noncompliance with a discovery order, the Superior Court has consistently placed greater emphasis on the first two factors: (1) the prejudice to the non-offending party and the ability to cure that prejudice; and (2) the willfulness of the offending party's conduct.

**FOP Lodge**, 985 A.2d at 1270-71 (citations omitted).

Although the trial court did not dismiss the instant action, its sanction orders precluded Appellant from presenting any evidence as to liability or damages, and thus provided a basis for granting summary judgment in favor of Appellee. Accordingly, "we strictly scrutinize the appropriateness of the sanction" orders, and agree with the trial court that the four-part test of **FOP Lodge** is appropriate. **See Steinfurth**, 590 A.2d at 1288.

The first and third prongs of the **FOP Lodge** test are the prejudice, if any, to the non-offending party and the importance of the excluded evidence. **Id.** at 1270. The trial court opined as follows. "First, the prejudice endured by [Appellee] is substantial." Trial Ct. Op. at 3. The

requested information—Appellant's motorcycle experience and training and tax records—were "vital to the preparation of a meaningful defense." *Id.* "Without this information [Appellee] cannot ascertain [Appellant's] damages or even whether liability may actually be attributed to" Appellee. *Id.* Appellee's interrogatories "were not overly burdensome or irrelevant," and "[t]o the contrary" were "standard request[s] when compared to other cases with similar facts." *Id.* Appellant "could have easily provided answers to these interrogatories within the time provided, which he did not, thereby forcing [Appellee] to file motions . . . resulting in the sanctions imposed and ultimately, a grant of summary judgment for" Appellee. *Id.*

Preliminarily, we note Counsel failed to respond to not only the interrogatories at issue,[8] but also Appellee's **two** motions to compel answers to the interrogatories, and the **two** motions for sanctions. Appellant filed a motion to reconsider the orders imposing the discovery sanctions.[9] Appellee argues that based upon Appellant's failure to respond to the two motions for

---

[8] While we understand attorneys will experience family or personal issues while litigating a matter, Counsel does not assert he initially advised the trial court of his personal obligations or requested additional time to respond to the interrogatories.

[9] As stated above, Counsel advised the court of his family obligations and issues in Appellant's motion to reconsider, which was filed after Appellee's motion for summary judgment. *See* note 6, *supra*. On appeal, Appellant does not address the trial court's reasoning that "had [Counsel] taken the time to respond to the discovery motions . . . this [c]ourt would have scheduled a hearing and given [C]ounsel an opportunity to explain his failure to provide discovery, but he did not." *See* Trial Ct. Op. at 5.

sanctions, Appellant waived his right to appeal.  We disagree.

Pa.R.C.P. 4019 provides that "Motions for sanctions are governed by the motion rules, Rule 208.1 *et seq*."  Rule 208.3(a) provides that, "the court shall initially consider a motion without written responses or briefs" but it "may not enter an order that grants relief to the moving party unless the motion is presented as uncontested or the other parties to the proceeding are given an opportunity for an argument."  **See also Cove Ctr., Inc. v. Westhafer Constr., Inc.**, 965 A.2d 259, 264 (Pa. Super. 2009) (holding that both Pa.R.C.P. 208.3(a) and 4019 effectively mandate oral argument or an evidentiary hearing whenever a discovery motion is neither uncontested nor facially meritless).

Berks Cnty. L.R. 208.2(d) provides that "[a]ny uncontested motion shall be accompanied by a written certification to that effect by the moving party and/or such party's counsel."  Absent such certification, Berks Cnty. L.R. 208.3(a) governs, and provides that a motion cannot be considered without a written response or argument.  Because the motion for sanctions in the case *sub judice* did not contain a certification that it was uncontested, there should have been at the very least a response required, an argument, or a hearing on the motion.

However, no rule to show cause was issued and no argument or hearing was scheduled.  The trial court reasoned, "[h]ad [Counsel] taken the time to respond to the discovery motions . . . this [c]ourt would have

scheduled a hearing and given [C]ounsel an opportunity to explain his failure to provide discovery, but he did not." Trial Ct. Op. at 5. We find it was incumbent upon the trial court to provide Appellant with an opportunity to be heard before ruling on the motion for sanctions, especially where the effect of granting the motion for sanctions was to essentially terminate the action.

Appellee relies upon *Baranowski v. Am. Multi-Cinema, Inc.*, 688 A.2d 207 (Pa. Super. 1997), for the proposition that a motion for reconsideration is insufficient to preserve a challenge to the severity of sanctions. However, we find *Baranowski* distinguishable as there was no discussion of the applicable state or local rules governing discovery motions or whether there had been compliance with those rules. In the instant case, Appellant was not afforded the opportunity to be heard before sanctions were imposed that made summary judgment a mere formality. The motion for reconsideration was filed while the action was pending in the trial court and there was no impediment to the trial court entertaining the motion. Thus, we find the issue was raised and preserved below for purposes of Pa.R.A.P. 302, and we decline to find waiver.

It is undisputed that, despite repeated efforts by Appellee, Appellant failed to respond to the Fourth and Fifth Interrogatories. However, Appellant had responded to the first three interrogatories and submitted to deposition by Appellee. Furthermore, the Fourth Interrogatory set forth a mere four questions, all regarding Appellant's motorcycle experience: (1) the year,

make, and model number of all motorcycles Appellant had ridden prior to the accident, (2) any motorcycle training or testing taken Appellant, (3) any training specifically on a Honda CBR900RR Firebrand motorcycle, and (4) the number of times Appellant previously operated this model Honda motorcycle. We disagree that the lack of this information wholly precludes Appellee from determining or showing "whether liability may actually be attributed to" Appellee. **See** Trial Ct. Op. at 3.

Furthermore, the Fifth Interrogatory was comprised of one question and one request for documents. First, the interrogatory explained that Appellee had subpoenaed the IRS for Appellant's tax records, but the IRS responded it was unable to provide all or some of the requested documents. The interrogatory then asked Appellant to "explain why the IRS was unable to comply with [its] subpoena," and requested Appellant to "provide copies of any and all documents received from the IRS in response to [Appellee's] subpoena." Appellee's Fifth Set of Interrogatories, undated, at 3. We note Appellant's present claim that Counsel had "orally advised" Appellee's counsel that Appellant would not bring "a claim for loss of future wages and/or diminution of earning capacity, and therefore the production of any of [his] tax records was not relevant to Appellant's claims for damages." **Id.** at 23. While this renouncement of such claims was not reduced to writing, we likewise find the court's preclusion of **any** evidence of damages—including, for example, medical or motorcycle repair bills—is disproportionate to

Appellant's failure to respond to the Fifth Interrogatory.

In light of the foregoing, we vacate the court's February 25, 2014 order precluding Appellant from presenting any evidence as to liability and the March 11, 2014 order precluding Appellant from presenting any evidence on the issue of damages. We remand for the trial court to enter an amended sanction order that implements the *FOP Lodge* factors and the reasoning of this memorandum. *See FOP Lodge*, 985 A.2d at 1270-71. The court may hold a hearing or take other action it deems necessary. Furthermore, we vacate the order granting summary judgment for Appellee.

Discovery sanction orders of February 25, 2014 and March 22, 2014 vacated. Summary judgment order of June 26, 2014 vacated. Case remanded with instructions. Jurisdiction relinquished.

Wecht, J., did not participate in the consideration or decision of this memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/17/2016

- 14 -