J-A05034-22

2022 PA Super 70

| | | |
|---|---|---|
| TRUE RAILROAD REALTY, INC. AND TRUE RAILROAD ASSOCIATES, LP. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | No. 551 MDA 2021 |
| MCNEES WALLACE AND NURICK, LLC. | : | |

Appeal from the Order Entered April 9, 2021
In the Court of Common Pleas of Dauphin County Civil Division at No(s):
2018-CV-01699-CV

BEFORE:   OLSON, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.:                    **FILED APRIL 19, 2022**

Plaintiff/Appellant True Railroad Realty, Inc. and True Railroad Associates, LP ("True Railroad") appeals from the order entered in the Court of Common Pleas of Dauphin County granting motions for summary judgment filed on behalf of Defendant/Appellee McNees Wallace and Nurick, LLC. ("McNees").

True Railroad asserts that summary judgment constituted the most severe discovery sanction available to the trial court, which erroneously granted the motion without first conducting an appropriate analysis prescribed by our jurisprudence.  Determining that True Railroad relies on inapposite decisional law, and otherwise finding the trial court properly applied Pennsylvania Rule of Civil Procedure 1035.2, we affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

The trial court's November 20, 2020, memorandum opinion granting summary judgment in favor of McNees sets forth the relevant facts and procedural history, as follows:

By Civil Action Complaint filed March 6, 2018, Plaintiff, True Railroad Realty, Inc. and True Railroad Associates, L.P. ("True Railroad") brought the present [legal malpractice] cause of action against Defendant, McNees Wallace & Nurick, LLC, ("McNees") and individual attorneys of the firm. [fn 1]  Pursuant to 231 Pa Code § 1000 et seq., and Pa.R.Civ.P. 1024.3, Certificates of Merit were filed May 4, 2018.

---

fn 1 The attorneys named in the Complaint were later dismissed from this action.

---

The [underlying case upon which the present legal malpractice case is based involved] McNees' pursuit of a Declaratory Judgment Action ("DJA") [on behalf of] True Railroad as Plaintiff versus Ames True Temper, Inc., ("Ames") in Cumberland County in November 2011.  By the DJA, True Railroad sought the [trial court's] interpretation of a purchase option within the Commercial Lease Agreement ("Lease") between True Railroad, as lessee, and Ames, as lessor.  In response to the Motion for Judgment on the Pleadings filed by McNees on behalf of True Railroad, Ames filed a Cross-Motion for Judgment on the Pleadings.  The Cumberland County Court granted Ames' Cross-Motion and McNees sought reconsideration which was summarily denied.  Notice of Appeal from the [declaratory judgment] was filed but such was ruled untimely.

In the present matter, True Railroad asserts that McNees committed professional negligence by pursuing a DJA [seeking interpretation of the purchase option] instead of a civil action [alleging the language of the purchase option] was sufficiently ambiguous to allow for discovery and the introduction of parol evidence, which [True Railroad believes] was favorable to [its cause].  True Railroad alleges that McNees compounded this error by seeking reconsideration based on [McNees'] belief that the

Cumberland County Court's decision was interlocutory and failing to file a timely appeal. True Railroad claims that . . . McNees' error . . . required [True Railroad] to sell a parcel of land to Ames, [caused it] to incur attorney's fees, and [subjected it to a court order] to pay sanctions and attorney's fees through the protracted, unsuccessful appellate process causing it significant monetary harm.

On October 11, 2019, McNees filed an Administrative Application for Status Conference . . . by which it sought management deadlines for the efficient resolution of this matter. Such was sought as McNees alleged that True Railroad was not making its witnesses available for depositions. Following a Status Conference in Chambers, the [trial court] issued a Scheduling Order dated December 9, 2019.

At the request of Counsel, a subsequent telephonic Case Management Conference was conducted on April 20, 2020. By Order of April 20, 2020 (the "Case Management Order"), the [trial court] set forth, *inter alia*, that discovery was to be completed on or before July 13, 2020; True Railroad was to produce its expert reports on or before August 24, 2020; McNees was to produce its expert reports on or before September 21, 2020, and the parties could file supplemental and rebuttal reports on or before October 2, 2020. In addition, dispositive motions were due by October 26, 2020. The Case Management Order was amended April 23, 2020, limited to changing the trial date; all other deadlines remained the same.

On August 26, 2020, McNees filed [a] Motion for Summary Judgment, well before the [dispositive motions] deadline of October 26, 2020 and only two days after the August 24, 2020 deadline for the production of True Railroad's expert reports, per the Case Management Order. In its Motion for Summary Judgment, McNees assert[ed] that True Railroad's claim for professional negligence fail[ed] as a matter of law because True Railroad failed to produce an expert report to support its allegations of professional negligence, that True Railroad failed to establish *prima facie* evidence to support their claim for professional negligence, and that True Railroad's claims were barred by the Statute of Limitations.

Counsel for True Railroad did not file a formal Response to the Motion for Summary Judgment as required by Pa.R.Civ.P.

- 3 -

1035.3(a)(1), in order to refute the claims made by McNees. True Railroad did file a brief in opposition, however, in which it claimed that the summary judgment motion was premature on the failure to file an expert report claim because discovery had not concluded.

[The trial court determined Plaintiff True Railroad's assertion was one which] True Railroad was required to raise in a formal Response to the summary judgment motion. As such, [the trial court opined, the brief] was not a proper ground to consider in addressing [True Railroad's] failure to comply with [the trial court's] Case Management Order requiring all expert reports by a date certain.

[Thus, the trial court relied on jurisprudence recognizing that within a court's inherent power to enforce its own orders of court resides the authority to dismiss for failure to comply with deadlines, for to preclude such enforcement authority "would countenance the dilatory actions of litigants who blatantly disregard court orders." As such, the trial court concluded] the record before [it] was clear that McNees is entitled to judgment as a matter of law for failure by True Railroad to produce an expert report. [Accordingly, it entered its order of November 20, 2020, granting Defendant McNees' Motion for Summary Judgment and dismissing, with prejudice, all claims asserted in True Railroad's Amended Complaint.]

Trial Court Opinion and Order, 11/20/20, at 2-4.

In this timely appeal, True Railroad raises the following question for our consideration:

Did the trial court properly sanction a party's first-time, good-faith discovery deficiency by dismissing Plaintiff-Appellants' claims with prejudice?

Brief for Appellant, at 3.

Our standard of review of an order granting summary judgment requires us to determine whether the trial court abused its discretion or committed an

error of law. *Mee v. Safeco Ins. Co. of America*, 908 A.2d 344, 347 (Pa. Super. 2006).

> Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.

*Miller v. Sacred Heart Hosp.*, 753 A.2d 829, 832 (Pa. Super. 2000) (internal citations and quotation marks omitted). Our scope of review is plenary. *Pappas v. Asbel*, 564 Pa. 407, 418, 768 A.2d 1089, 1095 (2001), *cert. denied*, 536 U.S. 938, 122 S.Ct. 2618, 153 L.Ed.2d 802 (2002).

> In reviewing a trial court's grant of summary judgment:
>
> [W]e apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. All doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party.
>
> Motions for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of [a] cause of action. Summary judgment is proper if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. In other words, whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense, which could be established by additional discovery or expert report and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate.

> Thus, a record that supports summary judgment either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a *prima facie* cause of action or defense.
>
> Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions.

***Chenot v. A.P. Green Services, Inc.***, 895 A.2d 55, 61 (Pa. Super. 2006) (internal citations and quotation marks omitted).

Herein, True Railroad argues that imposition of summary judgment as a first response to its non-compliance with the Case Management discovery and expert report deadlines constituted an improper discovery sanction disproportional to both the violation at issue and the minimal, if any, prejudice experienced by McNees. The delay of several months, in the midst of a pandemic disrupting many aspects of the legal process, was hardly prejudicial, True Railroad maintains, and the trial court erred by refusing to accept its post-motion offer to complete all fact discovery and expert reports within 30 days and, thus, cure any negative consequence it may have caused.

In this regard, True Railroad claims the trial court wrongly granted McNees' motion for summary judgment without first following the procedure specified in ***Steinfurth v. LaManna***, 590 A.2d 1286 (Pa. Super. 1991), which sets forth a four-factor test for trial courts to apply when considering a sanction for a plaintiff's violation of discovery rules. The factors to be analyzed are: (1) the prejudice to the non-offending party and the ability of the offending party to cure the prejudice; (2) the offending party's bad faith or

willfulness in failing to provide discovery; (3) the importance of the excluded evidence in light of the failure to provide discovery; and (4) the number of discovery violations by the offending party. **Steinfurth**, 590 A.2d at 1288.

True Railroad notes our appellate courts have observed that although a trial court possesses "great discretion in fashioning remedies or sanctions for violations of discovery rules and order . . . the courts highly disfavor dismissal of an action . . . as a sanction for discovery violations absent the most extreme of circumstances." Brief of Appellant, at 14 (citing **City of Philadelphia v. Fraternal Order of Police Lodge No. 5 (Breary)**, 985 A.2d 1259, 1269 (Pa. 2009).

Notwithstanding this precedential admonition, True Railroad protests, the trial court dismissed the present action without consideration of **Steinfurth**'s four factors and in disregard of its Brief in Opposition and oral argument, which both claimed that no prejudice befell McNees and denied any willfulness on its part where its only error was to engage in "admittedly-fumbling efforts to ask McNees about the continuation of depositions in June 2020."[1]

_____

[1] True Railroad's position was that its counsel was apparently awaiting McNees to complete its depositions of True Railroad principals before True Railroad would commence discovery of McNees lawyers and submit its expert reports. There was no dispute, however, that the Case Management Order's deadlines applicable to Plaintiff True Railroad's discovery and expert reports remained in effect at all relevant times.

Expounding on its position that its discovery missteps caused minimal prejudice, True Railroad insists that delays of several months are not uncommon in complex civil litigation, and, in any event, the disruptive effects of the Covid pandemic were the predominant scheduling obstacle the parties faced during the relevant time and, thus, further attenuated any adverse consequences attributable to True Railroad.

In fact, True Railroad asserts, the trial court explained that with True Railroad having filed a response to the motion for summary judgment that failed to conform with the requirements of the Rules of Civil Procedure and Dauphin County Local Rules governing summary judgment, the trial court could neither consider the nonconforming response nor speculate as to the reasons set forth therein.

> For its part, however, the trial court clarifies its
>
> first and primary reason [for granting summary judgment] was that Plaintiffs [True Railroad] had failed to submit an expert report within the time parameters set forth in [the trial court's] case management order. Plaintiff's failure precluded them from presenting any expert testimony at trial in support of their attorney malpractice claim. *See Storm v. Golden*, 538 A.2d 61 (Pa. Super. 1988) ("expert testimony is necessary to establish negligent practice in any profession," including legal malpractice, in order to establish the degree of skill and care required of attorneys) (citation omitted).

Trial Court's Supplemental Memorandum, 5/11/21, at 2.

At the hearing on the motion for summary judgment, the court discerned no reason why True Railroad could not have either completed its depositions timely or recognized that it was up against deadlines and taken

necessary steps to secure an amended Case Management Order with the trial court. N.T., 11/20/20, at 24.

True Railroad acknowledges in hindsight that there was no reason to wait for McNees to complete its depositions because Pennsylvania does not apply priority sequencing in depositions and it otherwise knew its deadlines were approaching. In fact, at the time McNees filed its motion for summary judgment, True Railroad was six weeks into its discovery violation and it still had not conduced a deposition or asked the trial court to extend its deadlines.

Again, however, True Railroad attributes its failure to a well-intentioned, if poorly considered, deference to McNees to complete its depositions before it commenced its own. True Railroad, therefore, challenges the view that its delay reflected a purposeful disregard or willfulness for the court's Case Management Order.

True Railroad concludes, therefore, that application of the first two prongs of the **Steinfurth** four-factor test requiring an assessment of prejudice and willfulness, respectively, reveals neither factor was met. By way of comparison to prior decisions involving dismissals under **Steinfurth**, moreover, True Railroad argues the facts of the present case compare favorably to such decisions which either affirmed in the wake of longstanding discovery violations lasting many months or even years or reversed despite lengthier delays than the one at bar. **See** Brief of Appellant, at 23. Such decisions, True Railroad concludes, stand for the proposition that only the

most egregious discovery violations should be met with dismissal. ***See***, ***e.g.***, ***Cohen v. Moore Becker***, ***P.C.***, 241 A.3d 465, *4 (Pa. Super. 2020).

McNees responds that ***Steinfurth*** represents inapposite jurisprudence, as the trial court in the present case granted summary judgment not as a sanction for discovery violations but because True Railroad failed to supply sufficient admissible evidence to support each element of its professional negligence claim. This undisputable fact occurred, McNees claims, when the uncontested deadline for expert reports had passed without True Railroad securing a requisite expert report to substantiate its professional negligence claim.

Indeed, McNees observes that nowhere in the record does the trial court refer to either a "discovery violation" or a "discovery sanction", as it conducted its analysis of the motion for summary judgment under the rubric of Rule 1035.2. Undertaking its Rule 1035.2 review, the trial court determined that True Railroad could not identify any genuine issue of material fact or establish a *prima facie* case without expert testimony.

Finally, McNees opposes the contention that the trial court erred when it refused to grant True Railroad's post-motion request for a continuance or extension of the deadlines set by the Case Management Order. True Railroad had over two years in which to commence, let alone complete, discovery, which was more than adequate time to depose the principals involved, McNees asserts. Yet, nowhere in this timeline does True Railroad exhibit a duly diligent

- 10 -

attempt to obtain any depositions or expert reports, which in McNees' view validates the trial court's exercise of discretion in denying True Railroad's request for a continuance and granting McNees' summary judgment motion.

After careful review of the record, the parties' respective arguments, and controlling decisional law, we agree with McNees that ***Miller v. Sacred Heart Hosp.***, ***supra***, and not ***Steinfurth***, applies to the present matter.

In ***Miller***, this Court distinguished between a summary judgment case and a discovery sanctions case, and it determined that the ***Steinfurth*** four-factor test did not apply to a summary judgment motion filed for a defendant's failure to comply with the deadline for submission of expert reports necessary to a medical malpractice action. Specifically, we reasoned:

> We conclude, accordingly, that our decision in ***Steinfurth*** prescribes the proper inquiry for application of discovery sanctions under Rule 4019 (SANCTIONS), not summary judgment under Rule 1035.2 or its predecessor Rule 1035. Nowhere does our opinion in ***Steinfurth*** purport to interpret Rule 1035.2 or to govern any aspect of its application. Though we ultimately reversed the trial court's order, we did so because the plaintiffs' violation of the discovery rules was not sufficiently severe to deserve the ultimate sanction of dismissal under Rule 4019(a). Significantly, we did not address whether the plaintiffs had demonstrated a *prima facie* case under Rule 1035.2. Thus, our decision in ***Steinfurth*** governs application of a different remedy than is at issue in the case before us, in response to a different motion, at a different procedural stage of the action.
>
> The manner in which this case is distinct from ***Steinfurth*** is critical to our analysis, as it was fundamental to the trial court's disposition of Defendants' motions for summary judgment. Simply stated, ***Steinfurth*** is a sanctions case, not a summary judgment case. Because the court's order in this case was entered not as a sanction for a procedural violation, but rather, to address a substantive deficiency of proof in Miller's cause of action, the

order is properly subject to review only under Rule 1035.2 and cases interpreting it.

***Miller***, at 832-33.

Accordingly, ***Miller*** analyzed Rule 1035.2 and stated its purpose was to "eliminate cases prior to trial where a party cannot make out a claim or a defense after relevant discovery has been completed." ***Id***. at 833 (quoting ***Eaddy v. Hamaty***, 694 A.2d 639, 643 (Pa. Super. 1997). Recognizing that summary judgment is appropriate when a party fails to produce evidence of facts essential to a cause of action, the ***Miller*** court turned to the case before it and observed:

> a medical malpractice plaintiff generally must produce the opinion of a medical expert to demonstrate the elements of his cause of action. . . . Thus if, at the conclusion of discovery , the plaintiff fails to produce expert medical opinion addressing the elements of his cause of action within a reasonable degree of medical certainty, he has failed to establish a *prima facie* case and may not proceed to trial. At this juncture, a moving party is entitled to summary judgment under rule 1035.2.

***Id***. at 834.

After reasoning that the matters central to the medical malpractice case before it were sufficiently complex to reside beyond the range of experience of laypersons and, thus, required guidance by an expert medical report, ***Miller*** concluded

> that in failing to produce an expert opinion to substantiate the elements of her claim, Miller failed to demonstrate a *prima facie* case of medical negligence. In accordance with the purpose and provisions of Rule 1035.2, the Defendants were entitled to summary judgment. Consequently, the trial court's entry of summary judgment was correct and appropriate.

- 12 -

*Id*.

Like the defendants in **Miller**, McNees did not file an application for discovery sanctions pursuant to Rule 4019, it filed only a motion for summary judgment under Rule 1035.2 premised solely on the position that True Railroad could not substantiate each element of its claim without a requisite expert report explaining both the intricacies of the legal issues implicated in the complex civil litigation and an opinion offered to a reasonable degree of legal certainty that McNees' representation in the underlying matter fell below the standard of due care. As a result, the motion posited, True Railroad could not establish a *prima facie* case, such that McNees was entitled to summary judgment.

Under this record, we discern no error with the trial court's entry of summary judgment. True Railroad had two years to acquire a legal expert's opinion before the Case Management Order's August 24, 2020, deadline, but it neither met this deadline nor filed a motion with the trial court to extend the deadline as the date loomed closer.

As the record thus demonstrates True Railroad was given ample time in which to satisfy its evidentiary burden of producing an expert report but failed to act with due diligence to accomplish this, we concur with the trial court that entry of summary judgment was warranted. **See Kerns v. Methodist Hosp.**, 574 A.2d 1068, 1074 (Pa. Super. 1990) (upholding denial of non-moving party's request for a discovery continuance after summary judgment motion was filed, where adequate time for discovery had already expired and the

requesting party failed to show due diligence in seeking discovery and information material to their case ).

For the foregoing reasons, we affirm the trial court's order granting summary judgment in favor of Defendants/Appellees McNees.

Order Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/19/2022